## ASSOCIATED INDEMNITY CORPORATION v. MANNING et al.
### No. 8393.

Circuit Court of Appeals, Ninth Circuit.

Sept. 22, 1937.

N. A. Pearson, of Seattle, Wash., for appellant.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellant insurance company had issued its liability policies to appellee, doing business as Manning Motors, insuring him against liability with respect to accidents sustained by reason of the conduct of insured's business and as limited by Item 4 of the declarations:

"Item 4. The Insured's business operations are that of Automobile Sales Agency, Storage Garage, Electric Garage, Service Station, Repair Shop, or Open Air Parking Station, 'Automobile Sales Agency.'"

Appellee J. M. Manning was also president of the Manning Fuel Oil Company, a corporation doing business at the same address.

On the morning of the automobile collision claimed to create the liability of appellant, one of the fuel oil corporation's trucks was delivering oil at a certain place. J. M. Manning sent one of his garage mechanics to notify the oil truck driver to make a delivery at a different destination. While returning to his garage employment from this errand, the garage mechanic, Fleshman, had a collision in which the claimants were injured, one so severely that she died.

At the time of the commencement of the appellant's action, claimants were demanding of defendants Manning, doing business as Manning Motors, and the Manning Fuel Oil Company, a corporation, that they reimburse claimants for the damages and injuries sustained in the collision, and threatening suits for said injuries. The assured, Manning, doing business as Manning Motors, and as president of Manning Fuel Oil Company, made demand on appellant that it defend the threatened suits and pay said judgment if and when rendered.

Each truck owned by the Manning Fuel Oil Company, a corporation, was covered by a liability policy issued by appellant. The trucks were not involved in the collision, and appellant had no policy insuring generally the Manning Fuel Oil Company, a corporation, from liability in the conduct of its business.

Appellant brought the action for the purpose of determining its rights and other legal relations under the circumstances. Appellant requested an adjudication that it was under no obligation to defend the suits; that it should not have to pay any judgments if any rendered as result of the suits; and that claimants should be enjoined from prosecuting their suits against the assureds until the matter had been litigated to its conclusion in the federal court. Its suit was based upon the proposition that the garage mechanic, at the time of the collision, was under no service of Manning doing business as Manning Motors, liability in the course of which was the limitation of appellant's coverage, but was solely on the business of Manning Fuel Oil Company, a corporation, and that it had denied liability on that ground and refused to comply with the insured's demand for payment, thereby creating an "actual controversy."

Appellant's action was asserted to be authorized by the federal declaratory judgment statute as amended, 28 U.S.C.A. § 400, as follows:

"(1) In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

Claimants moved to dismiss for want of equity. The court dismissed plaintiff's suit for lack of jurisdiction.

Subsequent to the decree below dismissing the action, the Supreme Court of the United States in the case of Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 464, 81 L. Ed. 617, 108 A.L.R. 1000, upheld the constitutionality of the Declaratory Judgment Act in a case, in essence, identical with that upon which this appeal is based. In that case the insured was claiming against an insurance company for indemnity benefits under a policy for such indemnity and the insurer denied liability. The denied claim of the insured stated a claim, which, if valid, had matured, and was one which, upon denial, presented an actual controversy upon which the insured could have maintained an action against the insurance company. It was held that the Congress had the power to

create a form of action in which the insurer could have adjudicated the adversary claim of the insured, although "the adjudication of the rights of the litigants may not require the award of process or the payment of damages," and although no injunction be sought or any allegations made of irreparable injury. The Supreme Court further held that: "the dispute turns upon questions of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is everyday practice." Aetna Life Ins. Co. v. Haworth, supra.

The appellant's bill in the lower court stated the existence of an "actual controversy," and its prayer as follows:

"1. That this Court enter a declaratory judgment declaring that this plaintiff is under no duty or obligation to appear and defend said suits or to assume any liability for the acts of said C. G. Fleshman or said J. M. Manning doing business as Manning Motors or Manning Fuel Company, a corporation, at the time of said collision.

"2. That this Court declare that said collision and accident were not covered by plaintiff's policies,"

appropriately seeks to have declared petitioner's "rights and other legal relations" with reference to the controversy between it and appellee, and should have been entertained by the lower court.

Reversed.