**FARM BUREAU MUT. AUTOMOBILE INS. CO. v. DANIEL et al. (HOME INDEMNITY CO. OF NEW YORK).**

No. 4234.

Circuit Court of Appeals, Fourth Circuit.

Nov. 4, 1937.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

Wayt B. Timberlake, Jr., of Staunton, Va., for appellant.

Edward M. Hudgins, of Chase City, Va. (Thos. O. Moss, of Richmond, Va., on the brief), for appellees.

PER CURIAM.

This is a suit to obtain a declaratory judgment as to the coverage of an automobile liability insurance policy; and the circumstances disclosed make the case one in which this type of remedy is peculiarly appropriate. The insured operated a public garage, an automobile agency and auto parts store, and a farm in Augusta county, Va. The business involved the hauling of building materials, farm produce, and auto parts. The Farm Bureau Mutual Automobile Insurance Company issued to the insured a policy of insurance on an automobile truck in which policy the purposes for which the truck was to be used were stated. The company obligated itself to defend all suits brought against the insured as the result of the operation of the truck within the coverage of the policy. The Home Indemnity Company of New York also issued to the insured a policy of liability insurance covering the insured for personal injury claims arising out of an accident in connection with the operation of any motor vehicle in the course of the garage business. While these policies were outstanding, an employee of the insured made use of the insured truck in the course of the garage business, and while so doing, it

is claimed, struck and killed two persons. Suits were brought in the state court against the insured by the representatives of the estates of the deceased. The Farm Bureau Mutual Automobile Insurance Company, alleging that its policy did not cover the truck on the occasion of the accident, brought this suit against the administrators of the deceased persons, in which suit the Home Indemnity Company intervened admitting that its policy covered the truck on the occasion of the accident and contending that the policy issued by the plaintiff company did likewise.

A bona fide controversy exists; prompt ascertainment of the rights of the parties under the policy in question is important to all of them; and all asked the court below for a declaration of their rights under it. No injunction to delay proceedings in the state court was asked and no piecemeal trying of a pending controversy was involved. The trial judge refused to grant the relief prayed and dismissed the bill, because he was of opinion that the plaintiff was not entitled to a declaratory judgment where the declaration sought was as to nonliability rather than as to affirmative rights. In this there was error. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Anderson v. Ætna Life Ins. Co. (C.C.A.4) 89 F.(2d) 345; Stephenson v. Equitable Life Assurance Society (C.C.A.4) 92 F. 2d 406. The decree dismissing the bill will accordingly be reversed and the cause will be remanded to the end that the court below may consider the case upon the merits and enter a decree accordingly. Stephenson v. Equitable Life Assurance Society, supra.

Reversed and remanded.