## UNITED STATES FIDELITY & GUARANTY CO. v. PIERSON et al.

### No. 11104.

Circuit Court of Appeals, Eighth Circuit.

July 1, 1938.

Jesse Reynolds, of Clarksville, Ark., for appellant.

G. O. Patterson, of Clarksville, Ark. (R. W. Robins, of Conway, Ark., on the brief), for appellee Pierson.

Hays & Wait, of Russellville, for appellee Shrigley.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

Appellant brought this suit seeking relief under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400. We shall refer to the parties as they were designated in the lower court.

The bill alleged diversity of citizenship and a sufficient amount involved to confer on the lower court jurisdiction. It appears from the allegations of the complaint that on November 25, 1931 plaintiff issued to defendant Guy Shrigley a policy of insurance by which plaintiff agreed that it would pay the assured all sums, not exceeding $25,000, which he should become liable to pay as damages imposed upon him by law for bodily injury, including death at any time resulting therefrom, accidentally

sustained by any person or persons, if caused by the ownership, maintenance or use of the automobile of assured; that it would defend the assured against any suit seeking damages on account of bodily injury or property damage, even if such suit were groundless, false, or fraudulent; that irrespective of the limit of its liability it would pay all costs taxed against assured in any such defended suit, all expenses incurred by the company, and all interest accruing after entry of judgment until the company should pay, tender or deposit in court the amount of the judgment, not exceeding the limit of its liability; that bankruptcy or insolvency of the assured should not relieve plaintiff of any of its obligations under the policy; that plaintiff should have the right to settle any claim or suit and to make such investigation or negotiation as might be deemed expedient by it; that in April, 1933, the defendant L. H. Pierson commenced an action in the Circuit Court of Johnson County, Arkansas against the assured; that in that action Pierson alleges that his wife received bodily injuries caused by the operation of the automobile of the assured, at a time when the policy was in force, by reason of which she was permanently disabled to perform the ordinary functions of a wife or to attend to the ordinary duties of the household, to his damage in the sum of $10,000.

In the instant suit, it is alleged that the damages claimed in the state court action are not covered by the policy; that there is no duty on plaintiff's part to defend the action for the reason that the damages sought are not for "bodily injuries;" that it is imperative that it be determined that plaintiff is under no obligations to assured under the terms of the policy to defend said action or to pay any judgment that may be recovered against assured; that a controversy exists with reference to the rights, duties and obligations of plaintiff under the policy in reference to what protection, if any, the policy affords the assured or inures to the benefit of the defendant Pierson; that declaratory judgment is asked, construing the policy and determining that it does not apply to or protect the assured or inure to the benefit of the defendant Pierson in respect to the loss of services and consortium of Pierson's wife; that the plaintiff is under no obligation to defend the state court action or pay any judgment that might be rendered in that action and that proceedings in the state court action be enjoined, if necessary, to prevent a determination of the issues therein before judgment in this suit. Copy of the policy is attached to the complaint.

Both defendants interposed motions to dismiss the complaint, which the court sustained, and from the decree of dismissal entered this appeal is taken by the plaintiff. Broadly stated, plaintiff's contentions are; (1) That the complaint presents a justiciable controversy upon which a declaratory judgment may be rendered; and (2) that it is not liable under its policy for the damages sought to be recovered in the state court action.

Defendants' motions to dismiss having been sustained, we must accept as true all the well-pleaded facts in the complaint.

It is urged particularly on behalf of the defendant Pierson, that there is no present controversy between plaintiff and him because there is no allegation that assured is insolvent or bankrupt, and the policy provides that the injured party has no right to proceed against the insurer until judgment is recovered against the assured and the execution issued is returned unsatisfied because of insolvency or bankruptcy; that if Pierson should recover judgment against assured, it might be satisfied by assured, in which event Pierson would have no claim against the plaintiff, and if judgment were not obtained against assured in the state court action, Pierson would have no claim against the plaintiff.

It appears that the action against assured is actually pending; that Pierson and his attorneys are contending that plaintiff is the insurer of the assured, and that the assured, in turn, has demanded that plaintiff defend him against the claims of Pierson. The policy, as has been observed, obligates the plaintiff to defend assured against this action, and it obligates it "to pay all sums which the assured shall become liable to pay as damages imposed upon him by law for bodily injuries." The policy also obligates the plaintiff to pay all costs taxed against assured in defending the action now actually pending, including all expenses incurred in the defense of the action and all interest accruing after entry of judgment until the company shall have paid or tendered such part of the judgment as does not exceed the limit of plaintiff's liability. Stated in another way, while the action in the state court is nominally prosecuted against the assured, the plaintiff, by its contract, is obligated to defend that

action and to pay any judgment for damages that may be recovered.

■ The acts and events forming the basis of the claims of the assured and Pierson have already taken place, and they have culminated in an actual suit, which, if successfully prosecuted, will render the plaintiff liable. A judgment in the state court action will directly affect the rights of plaintiff, and plaintiff is required to decide, at its peril, whether it should defend the state court action. Plaintiff in effect asks the court to determine what are the legal rights of the parties under the actually existing facts alleged in the complaint. This does not present any abstract issue nor hypothetical question, and we are concerned with substance rather than form. Pierson and his attorneys are contending that plaintiff is the insurer of Shrigley and that the terms of the policy inure to and protect defendant Pierson. If defendants are correct in their contention that the injury for which damages are claimed in the state court action is within the coverage of the policy, a matter on which we express no opinion, then, certainly, as between assured and the insurer, the insurer would be obligated to pay the judgment. Under such circumstances, to assume that the assured would voluntarily pay the judgment and relieve the insurance company of its obligation would be far-fetched and fanciful, and contrary to all human probability.

■ Great stress is placed upon the provision that, "Any person or his legal representatives who shall obtain final judgment against the assured because of any such bodily injury or injury to or destruction of property and whose execution against the assured is returned unsatisfied because of such insolvency or bankruptcy, may proceed against the company under the terms of this policy to recover the amount of such judgment, etc." This goes to a matter of procedure, rather than to a question of substance or liability. The obligation exists, not only to defend the action, but to pay the judgment, if any, rendered. Plaintiff, within the limits of its liability, is the real party in interest. This is true whether the assured be solvent or insolvent. The very fact that Pierson is making claim against plaintiff would itself be persuasive that he considered the assured unable to respond in damages. The issuing of execution and having it returned unsatisfied would be a mere formality if Shrigley were in fact insolvent, and the allegations of

the complaint are sufficient on motion to dismiss to indicate that Pierson is looking to the plaintiff for his ultimate recovery. We think the complaint sufficient to present a justiciable controversy. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Nashville, C. & St. L. Ry. Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261; Anderson v. Ætna Life Ins. Co., 4 Cir., 89 F.2d 345; Farm Bureau Mutual Automobile Ins. Co. v. Daniel, 4 Cir., 92 F.2d 838; Associated Indemnity Corporation v. Manning, 9 Cir., 92 F.2d 168; Central Surety & Ins. Corporation v. Caswell, 5 Cir., 91 F.2d 607; Gully, Tax Collector, v. Interstate Natural Gas Co., 5 Cir., 82 F.2d 145.

The lower court was of the view that the obligation to defend and the other various reciprocal rights and duties of the plaintiff and the defendant Shrigley, presented questions which were the subject of an existing, present controversy. As the allegation that the amount in controversy exceeded the sum of $3,000, exclusive of interest and costs was general, however, it concluded that it could not say that the jurisdictional amount was present, expressing the view that the obligation to pay was a distinct obligation and subject to the condition that judgment must be rendered in an action defended by insurer, and hence, that only a hypothetical question was presented as to that issue. We think the trend of judicial decision is against so narrow a construction of the contractual relations of the parties for the purposes of a declaratory judgment action.

■■ The assured was interested in protection from an ultimate liability, and the insurer had a very substantial interest at stake in meeting and measuring that liability if it existed. The obligation to defend was a part of the protection afforded the assured. Its right to defend was also a protection, if availed of, to the insurer. That it regarded this right as vital to its own interests appears from its promise to pay, either upon an agreement to which the assured, the claimant, and it were parties, or upon "final judgment against the assured after actual trial in an action defended by the company." The rights and duties defined by this policy are so closely interwoven in both the obligation and the right

to defend and the agreement to pay the finally determined liability that they should be considered as a whole, establishing a relationship which from the inception of a possible liability entitled assured to demand and the insurer to deny that the principal part of the insurance, the agreement to indemnify against liability, applies to this case, and hence, entitles plaintiff to prosecute the suit under the Declaratory Judgment Act. The dominant purpose of the contract as a whole must be borne in mind, and any attempt to divide it into distinct, separate parts is to obscure and subvert the intention of the contract and defeat the natural and reasonable expectation of the parties. The controversy here presented involves not only the duty to defend the action, which may end in a liability for a large sum, but the obligation to indemnify the assured against such liability. See Associated Indemnity Corporation v. Manning, supra; Farm Bureau Mutual Automobile Ins. Co. v. Daniel, supra; Central Surety & Ins. Corporation v. Caswell, supra.

We conclude that the lower court was in error in refusing to entertain jurisdiction and the decree is therefore reversed and the cause remanded for further proceedings consistent herewith.