**MARYLAND CASUALTY CO. v. CONSUMERS FINANCE SERVICE, Inc., OF PENNSYLVANIA et al.**

No. 6860.

Circuit Court of Appeals, Third Circuit.

Dec. 23, 1938.

Charles B. Lenahan, of Wilkes Barre, Pa., for appellant.

Al J. Kane and James P. Harris, both of Wilkes Barre, Pa., and Walsh & Fadden, of Scranton, Pa., for appellees.

Before BIGGS, MARIS, and BUFFINGTON, Circuit Judges.

MARIS, Circuit Judge.

The Maryland Casualty Company issued to Consumers Finance Service, Inc., of Pennsylvania on August 30, 1937, an automobile policy insuring Finance Service against liability for bodily injury and property damage arising from the use of automobiles in its business by its agents and employees. The policy obligated the Casualty Company, inter alia, to defend suits brought against Finance Service seeking damages for such bodily injury or property damage. It also provided that the parties insured thereunder included not only Finance Service, the named insured, but also any other persons using the automobiles, or responsible for their use if they were used with the permission of the named insured for the purposes designated in the policy. It was stipulated, however, that no person or organization, or any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking

place should be deemed insured with respect to any accident arising out of the operation thereof.

On September 7, 1937 Finance Service, which was engaged in the business of financing motor vehicles in Wilkes-Barre, Pennsylvania, directed one of its employees, George T. Smith, to go to the premises of Michael Hanshulak in the nearby borough of Edwardsville, to repossess an automobile to which it was entitled. Smith was directed to turn the car over to Sam Feldman, a dealer in used cars, with whom Finance Service had arranged to take the car on consignment for resale. Smith picked up Rex Huddy, an employee of Feldman, at the latter's place of business, and both drove to the home of Hanshulak in an automobile used in the business of Finance Service. Smith took possession of Hanshulak's automobile and then turned it over to Huddy who tried to start it but was unable to do so. Smith then drove the other automobile behind the Hanshulak automobile and pushed it for some distance until its motor started and Huddy began to drive it under its own power. At a point near the gasoline station of the Republic Oil Company Huddy lost control of the automobile and it crashed into the gasoline station and ran into Ross White, Ralph Montgomery, Andrew Thomas, John Wallace and Richard Farrell, injuring them and damaging the property of the Republic Oil Company and of the Horn Dairy Company. At the time of the accident Smith was in the other automobile some distance from the automobile involved in the accident.

Ross White instituted suit in the Court of Common Pleas of Luzerne County, Pennsylvania, against Finance Service to recover for his injuries received in the accident,. and the others injured therein threatened to do the same, whereupon Finance Service made demand upon the Casualty Company to defend it from these suits. This the Casualty Company declined to do, contending that it had no responsibility under its policy with respect to the accident in question because Finance Service's agent Smith and Huddy were both at the time of the accident on the business of Feldman, who operated an automobile sales agency, and they were therefore not insured by its policy. It thereupon filed a petition in the court below for a declaratory judgment in which it named as defendants Finance Service, Feldman, White, Farrell, Wallace, Montgomery, Thomas, Horn Dairy Company and Republic Oil Company. Its petition was dismissed and the present appeal followed.

 The Declaratory Judgment Act, 28 U.S.C. § 400, 28 U.S.C.A. § 400, gives to the district courts power "in cases of actual controversy" with their jurisdiction "to declare rights and other legal relations of any interested party petitioning for such declaration." It is settled that a controversy between an insurer and its insured as to the extent of the insurer's responsibility under the insurance policy involves the rights of the insurer and will support a declaratory judgment proceeding. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261; Farm Bureau Mut. Automobile Ins. Co. v. Daniel et al., 4 Cir., 92 F.2d 838; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; Maryland Casualty Co. v. Hubbard, D.C., 22 F.Supp. 697. It is equally clear that in such a proceeding involving an automobile liability policy persons injured in the accident in question are necessary and proper parties. Central Surety & Ins. Corporation v. Caswell, 5 Cir., 91 F.2d 607. It follows that the District Court had power to entertain the petition for a declaratory judgment filed by the Casualty Company in this case.

 The granting of the remedy of a declaratory judgment is nevertheless discretionary with the court and it may be refused if it will not finally settle the rights of the parties or if it is being sought merely to determine issues involved in cases already pending. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321. It may not be refused, however, merely on the ground that another remedy is available (Columbian Nat. Life Ins. Co. v. Foulke, supra) or because of the pendency of another suit, if the controversy between the parties will not necessarily be determined in that suit. The latter is the case here. The controversy in which the Casualty Company is involved is solely between Finance Service and itself. It involves the extent of the coverage of the policy and not the liability of Finance Service to the persons injured in the accident. It is entirely conceivable, as the Casualty Company urges, that there may be such liability on the part of Finance Service which is not within the policy cov-

erage. The only question which will arise in the suits by the injured parties against Finance Service, however, is as to the liability of Finance Service to them. The question as to the duty of the Casualty Company to defend will not be involved and cannot be adjudicated in those proceedings. The company is, therefore, entitled to have the extent of the coverage of its policy declared in the present proceeding. We accordingly conclude that the court below exceeded its discretionary power in dismissing the petition for a declaratory judgment. In so. holding, however, we do not decide that the court should grant an injunction restraining Ross White from further prosecuting his suit in the Court of Common Pleas pending the determination of the present proceeding, as prayed for in the petition. On the contrary it seems clear that the court would be without power to grant such an injunction in view of the provisions of Section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379.

Reversed.