## CENTRAL SURETY & INS. CORPORATION v. NORRIS et al.
### No. 9013.

Circuit Court of Appeals, Fifth Circuit.
April 18, 1939.

T. J. Blackwell and W. H. Walker, Jr., both of Miami, Fla., for appellant.

M. H. Rosenhouse, of Miami, Fla., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal involves an application of the Declaratory Judgments Act, 28 U.S. C.A. § 400. The petition was brought by Central Surety & Insurance Corporation to have its non-liability declared upon a policy which promised to pay for Mrs. Mildred M. Norris all sums she shall become obligated to pay for damages resulting from the use of her automobile to persons injured or for property injured or destroyed. The respondents are Mrs. Norris and her husband and eight persons who claimed to have been injured in a collision between her automobile and another, and the owner of the other car which was damaged. Two of the injured persons, Ginger Ruddell and William Rosser, had sued Mrs. Norris and her husband in a State court, each claiming $25,-000 damages. Others were threatening suit. The policy bound the Insurance Corporation to defend all such suits. The Corporation claimed that its policy did not apply because an exclusion clause so provided "when the automobile is used * * * for carrying persons for a consideration," in that the automobile was being thus used when the collision happened. Mrs. Norris claimed otherwise, and was calling on the Corporation to defend her. The petition alleged these facts and prayed for a judgment declaring it was not bound to defend any of the suits and not bound to pay any judgments that might be obtained, and that pending the determination of the Insurance Corporation's controversy prosecution of the suits which had been brought be enjoined and the bringing of any others be also enjoined.

The District Judge sustained a motion to dismiss Ruddell and Rosser who had already sued in the State court, and refused to enjoin the other injured persons from suing, but retained the case for trial otherwise. The Insurance Corporation appealing contends that all respondents should have been retained and all should have been enjoined.

The plaintiffs in the two suits pending in the State court should not have been dismissed. While they have not sued the Insurance Corporation, and are not interested in the question whether the Corporation is bound to defend their suits, yet if they win they will, or at least may, implead the Corporation by garnishment or other means to obtain payment of their

judgments. In such case the question whether the policy applies will have to be decided again. It would be very inconvenient if the federal court should, these plaintiffs not being parties, decide that the policy does not apply, and the Corporation should not defend the actions and the plaintiffs should recover and then the State court should decide the policy does apply. The interest of Ruddell and Rosser in the question the Insurance Corporation is trying to get adjudicated by a declaratory judgment is real and substantial though not immediate. They ought to be retained as parties to be heard on it and to be bound by the result. Central Surety & Ins. Corp. v. Caswell, 5 Cir., 91 F.2d 607.

But it does not follow that the actions for damages pending or prospective ought to be enjoined. The declaratory proceeding does not cover the same issues, nor can it afford the injured persons full relief. They are claiming Mrs. Norris and her husband are personally liable. The policy liability is limited to $20,000 and the two suits already filed are for $50,000. The policy may be wholly insufficient to cover all recoveries. Delay is always harmful to such suits. Insolvency might overtake Mrs. Norris, or even the Insurance Corporation. Death of a party may defeat such an action. Witnesses may die or disappear or their memory grow faint. A question of limitation may be raised. It would not be equitable, if there is power, to delay these persons in the legal pursuit of their rights in order to enable an insurance company not yet sued to ascertain where it stands under a contract it has made with someone else. As to the suits already filed in the State court, the statute against enjoining such proceedings stands in the way. 28 U.S.C.A. § 379; Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514. The injunction of suits not yet filed which was ordered without indication of reasons in Central Surety & Ins. Corp. v. Caswell, supra, may have been based on the apparent collusion between the insured and the injured and their common purpose to mulct the insurance company. In Carpenter v. Edmonson, 5 Cir., 92 F.2d 895, where the declaratory suit was much more closely identified with that pending elsewhere, we said both were suits in personam and both might proceed until one be decided, when the decision could be used in a proper manner in dis-

posing of the other. That we think should normally be the course taken in cases like that before us. See Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

The judgment dismissing the suit as to Ginger Ruddell and Alexander Rosser is reversed. The judgment denying an injunction is affirmed. The cause is remanded for further proceedings not inconsistent with this opinion.