## MARYLAND CASUALTY CO. v. UNITED CORPORATION OF MASSACHUSETTS et al.

### No. 3559.

Circuit Court of Appeals, First Circuit.

May 2, 1940.

David Burstein, of Boston, Mass. (Harry B. White, of Boston, Mass., on the brief), for appellant.

Gerald May, of Boston, Mass. (Burns & Brandon, of Boston, Mass., on the brief), for appellees United Corporation of Massachusetts and Mexican Petroleum Corporation.

Dunham et al., executors, appellees, did not file brief or argue.

Before MAGRUDER and MAHONEY, Circuit Judges, and McLELLAN, District Judge.

MAGRUDER, Circuit Judge.

The Maryland Casualty Company filed in the court below a complaint asking for a declaratory judgment under 28 U.S.C.A. § 400[1] against the United Corporation of Massachusetts and the executors under the will of Annie S. B. Dunham. Another complaint, identical in nature, was brought by the Maryland Casualty Company against the Mexican Petroleum Corporation and the said executors under the will of Annie S. B. Dunham. In each case the district court entered judgment dismissing the complaint. The two cases have been consolidated for the purpose of appeal. Hereafter in this opinion reference will be made only to the first-mentioned case, against the United Corporation of Massachusetts, which will be called the Assured.

From the complaint, it appears that the facts are as follows:

The plaintiff issued a motor vehicle liability policy, for the calendar year 1932, contracting to indemnify the Assured against loss by reason of liability to pay damages to others for bodily injuries, arising out of the ownership, operation, maintenance, control, or use of certain specified motor vehicles. The policy also covered liability for property damage "arising out of the ownership, maintenance or operation" of the specified motor vehicles or "by the loading or unloading of merchandise carried on any such motor vehicle". The policy contained the usual agreement by the insurer to defend in the name of and on behalf of the Assured "any claims, suits or other legal proceedings alleging such injuries and demanding damages on account thereof".

In April, 1938, a claim was made under the said policy against the plaintiff on account of an accident alleged to have occurred on April 6, 1932, resulting in bodily injuries and damage to the property of certain persons.

This claim was based upon the assertion that the Assured had entered into an agreement with Annie S. B. Dunham to supply oil to the oil tank in the basement of an apartment house in Cambridge, Massachusetts, owned by her; that on April 6, 1932, a servant of the Assured drove a motor vehicle covered by the policy to the said apartment house and filled the oil tank with oil drawn from the motor vehicle; that later on the same day an explosion and fire occurred in the building; that as a result thereof several suits were thereafter filed against Annie S. B. Dunham, and a number of judgments were recovered against her for damages to person and property. These judgments were fully paid and satisfied in 1934. The declarations in these suits alleged that the explosion resulted from the negligent maintenance of the oil tank and oil heater by Annie S. B. Dunham. Thereafter, on April 5, 1938, the executors under the will of Annie S. B. Dunham brought an action for damages against the Assured seeking to recover the loss suffered by the execu-

---

1 "(1) In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such. * * *"

tors as the result of being obliged to pay the judgments entered in the suits which had been brought by the tenants in the apartment house. The declaration alleged negligence of the Assured in filling the oil tank and in so repairing the tank and pipes that oil continued to leak therefrom, resulting in the accident.

That suit is now pending in the Superior Court for the Commonwealth of Massachusetts. On April 10, 1938, the Assured notified the plaintiff of the commencement of said action by the defendant executors and made demand of the plaintiff to defend the action in its entirety and to indemnify the Assured against any loss.

Plaintiff alleges that an actual controversy exists between the parties depending for its determination upon a proper construction and interpretation of the liability policy and prays that the defendant executors be temporarily restrained and enjoined from further prosecuting the action against the Assured in the state court. In addition, it prays for a declaration that the relationship of insurer and insured does not exist between the plaintiff and the defendant United Corporation of Massachusetts as to any liability of the said defendant arising out of the explosion aforesaid, or as to any liability of the said defendant in the pending action commenced against it by the Dunham executors, and further for a declaration that the plaintiff has neither the right nor the obligation to defend the said action or to indemnify the Assured against any liability on account thereof.

The defendants moved in the district court (1) to dismiss the action because the complaint does not state a case which falls within the terms of the Declaratory Judgment Act, since no right of the plaintiff is in controversy, and (2) to dismiss the action as a matter of discretion. From the opinion filed by the district court it appears that the judgment dismissing the complaint was based upon an assumed lack of jurisdiction rather than the exercise of discretion.

In support of the judgment below we are urged to make a narrow reading of the phrase "rights and other legal relations" appearing in the Declaratory Judgment Act, and to hold that when an insurance company asks for a declaration of non-liability under an insurance policy, because of non-coverage, as in this case, the insurance company is not asking for a declaration of its "rights or other legal relations" but rather is asking for a determination of its "liabilities". Though some earlier lower court decisions so held, this narrow construction of the Declaratory Judgment Act is no longer admissible since the opinion of the Supreme Court in Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. In that case a life insurance policy provided for waiver of premiums and for the payment of certain disability benefits in the event that the insured became totally and permanently disabled. The insured, claiming to have suffered such a disability, stopped paying premiums and called upon the company for the stipulated disability payments. The company, on the other hand, claimed that the insured had suffered no total and permanent disability and that the policy had therefore lapsed by reason of the non-payment of premiums. The Supreme Court held that the district court should have entertained the insurer's complaint asking for a declaration that the policy was null and void, having lapsed because of non-payment of premiums.[2] It is generally agreed now that the phrase "rights and other legal relations" is broad enough to authorize a declaration of non-liability. Columbian National Life Insurance Co. v. Foulke, 8 Cir., 89 F.2d 261; Associated Indemnity Corp. v. Manning, 9 Cir., 92 F.2d 168; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514; Central Surety & Insurance Corp. v. Norris, 5 Cir., 103 F.2d 116.

---

[2] Counsel seek to distinguish the Haworth case by asserting that it involved a determination of the insurance company's "right to cancel the policy for non-payment of premiums, i. e., its right to receive premiums from the insured." But the insurer has no "right" to receive the premiums in the sense of there being a correlative duty on the part of the insured to pay them. The non-payment of stipulated premiums is merely a condition the happening of which discharges the contract obligation of the insurer. Therefore, what the insurance company asked for in the Haworth case was in substance a declaration of non-liability.

■■ It is further argued that the complaint was properly dismissed for lack of jurisdiction because it sets forth no present "actual controversy" in the constitutional and statutory sense.

In Aetna Life Insurance Co. v. Haworth, 300 U.S. at 240, 241, 57 S.Ct. at 464, 81 L.Ed. 617, 108 A.L.R. 1000, Chief Justice Hughes says that a "controversy" "must be one that is appropriate for judicial determination. * * * The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. * * * It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. * * * Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages."

We think that the present case presents a "controversy" within the language of the Haworth case. There is a dispute between the parties as to the present contractual obligation of the insurer to defend the Assured in the litigation pending in the state court. If the Assured's claim is well founded, the insurance company will be committing a present breach of contract in failing to defend. If the insurer's claim is correct, it has no obligation to defend, because of non-coverage, and it has no concern over the outcome of the state court litigation because even if the Assured is there held liable he is not entitled to indemnity from the insurer. The plaintiff in the present declaratory judgment action having joined as parties defendant the Assured and the Dunham executors who are suing the Assured for damages in the state court, the federal court is in a position to make "an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged". It can determine once and for all (1) that the insurer is, or is not, under an obligation to defend the action in the state court; (2) that the Assured if held liable in that action is, or is not, entitled to indemnity from the insurer under the policy, and (3) that if the Dunham executors obtain a judgment against the Assured in the pending cause of action they will, or will not, be entitled to bring proceedings for equitable attachment against the insurer. This certainly seems to be a controversy "appropriate for judicial determination". Many cases have so held, on similar facts. Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514; Central Surety & Insurance Corp. v. Norris, 5 Cir., 103 F.2d 116; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; Associated Indemnity Corp. v. Manning, 9 Cir., 92 F.2d 168.

■■ Since the complaint was dismissed on the mistaken ground of lack of jurisdiction, the judgment appealed from should not be affirmed, even if there existed adequate grounds on which the complaint might have been dismissed as a matter of discretion. Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Columbian National Life Insurance Co. v. Foulke, 8 Cir., 89 F.2d 261, 263. In Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324, the Circuit Court of Appeals for the Fourth Circuit said that the power to render declaratory judgments "should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction." But in the case at bar the pending suit in the state court will determine only the liability of the Assured for negligence; it will not determine whether the insurer had any obligation to defend or whether the insurer is obligated to indemnify the Assured. Under such circumstances it has been held, we think rightly, that the application of an insurer for a declaratory judgment cannot be denied as a matter of discretion. Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514, 515, 516. We do not mean to intimate that the district court could properly grant the injunction prayed for, temporarily restraining the Dunham executors from further prosecuting the pending action in the state court against the Assured. See Judicial Code, § 265, 28 U.S.C.A. § 379; Central Surety & Insurance Corp. v. Norris, 5 Cir., 103 F.2d 116. This question was not argued before us.

It is alleged in the complaint that "the amount or value of the subject-matter in controversy is, exclusive of costs and in-

terest, in excess of three thousand dollars ($3,000)". This allegation is admitted in the answers filed by the defendants. The ad damnum in the pending action by the Dunham executors against the Assured is $25,000. Even if the alleged obligation of the insurer to defend does not involve $3,000, this obligation is so interwoven with the obligation to indemnify that the declaration sought will necessarily determine both. "The controversy here presented involves not only the duty to defend the action, which may end in a liability for a large sum, but the obligation to indemnify the assured against such liability." United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560, 563.

The judgments of the District Court are reversed and the cases remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.