## MARYLAND CASUALTY CO. v. TEXAS CO. et al.

### No. 11755.

Circuit Court of Appeals, Eighth Circuit.

Oct. 14, 1940.

Clifford B. Kimberly, of Kansas City, Mo. (J. L. Milligan and David R. Derge, both of Kansas City, Mo., on the brief), for appellant.

Horace F. Blackwell, Jr., of Kansas City, Mo. (Samuel W. Sawyer, Winston H. Woodson, and Lathrop, Crane, Reynolds, Sawyer & Mersereau, all of Kansas City, Mo., on the brief), for appellee Texas Co.

Guy W. Green, Jr., of Kansas City, Mo. (S. L. Trusty, Smith F. Brandom, P. H. Slattery, Ben Mossel, K. Martin Kirschner, and A. L. Vonck, all of Kansas City, Mo., on the brief), for appellees J. E. Ormsby and others.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment dismissing a suit brought by the appellant, under the Federal Declaratory Judgment Act, § 400, Tit. 28, U.S.C., 28 U.S.C.A. § 400, against The Texas Company, the Hardware Mutual Casualty Company, and six individuals, Clifford J. Kerl, Paul Deming, J. E. Ormsby, Clifford O. Jones, Bernard Delmar Garrett and John Broderick.

The complaint, after alleging diversity of citizenship and that more than $3,000 is in controversy, shows: That appellant was the insurer of The Texas Company against liability for damage to persons and property caused by the operation of any of its automobiles. That the Hardware Mutual was the liability insurer of Kerl with respect to a truck owned by him. That Deming, an employee of Kerl, was the driver of that truck. That Kerl and The Texas Company had a "Tank Truck Dealer Agreement" under which Kerl purchased petroleum products from The Texas Company, which were delivered to him at its bulk plant in Kansas City, Missouri; that this agreement required Kerl to transport such products in his own trucks, with his own employees; that the truck owned by Kerl—insured by the Hardware Mutual and driven by Deming—, while being used in the performance by Kerl of the "Tank Truck Dealer Agreement", collided with a truck operated by Ormsby, in which Jones, Garrett and Broderick were riding as passengers; that as a result of this collision, Ormsby and his passengers each brought an action in State court against Kerl, Deming and The Texas Company to recover damages for personal injuries, in which actions they asserted that the Kerl truck was under the joint control, and was being operated in furtherance of the joint business, of Kerl and The Texas Company. The complaint further shows: That The Texas Company had no interest in, control over, or responsibility for, the Kerl truck, and that the truck was not covered by the policy issued by appellant to The Texas Company. That The Texas Company demanded that the appellant assume the defense of the State court actions on its behalf; that The Texas Company also demanded that the Hardware Mutual assume the defense of those actions for it; that the policy issued by the Hardware Mutual to Kerl, covering his truck, requires it to defend The Texas Company as well as Kerl against these actions; that the Hardware Mutual has refused to defend The Texas Company and contends that it is not obligated so to do. That actual controversies exist with respect to the appellant's obligation to defend and indemnify The Texas Company against the actions for injuries caused by the Kerl truck and with respect to the obligation of the Hardware Mutual to defend and indemnify The Texas Company against those actions.

The appellant prayed for a declaration (1) that, under its policy, it is not required to defend the actions brought against The Texas Company in the State court; (2) that the Hardware Mutual is obligated to defend those actions on behalf of The Texas Company, as well as on behalf of Kerl, and to indemnify The Texas Company to the extent of the limits of the Hardware Mutual's policy covering the truck; (3) that The Texas Company is not liable to Ormsby, Jones, Garrett or Broderick in the State court actions.

The Texas Company filed an answer admitting the existence of a controversy as to the obligations of the appellant and the Hardware Mutual to defend the State

**954**

court actions on its behalf, and it asked that the court determine the rights and liabilities of the parties.

Ormsby, Jones and Garrett separately moved for a dismissal of the suit, mainly upon the ground that the complaint failed to state a claim upon which relief could be granted. The court below dismissed the suit, apparently upon the theory that the facts stated in the complaint disclosed, as a matter of law, that the appellant is obligated to defend and indemnify The Texas Company in the State court actions, and that the Hardware Mutual is not obligated either to defend or indemnify The Texas Company, and that therefore no actual controversy sufficient to support the suit instituted by the appellant existed.

We think the court erred in ordering a dismissal. The complaint alleged the existence of a controversy between the appellant and its insured with respect to the coverage of appellant's policy and as to the obligation of appellant to defend and indemnify The Texas Company in the actions to recover for injuries caused by the Kerl truck. The complaint also disclosed a controversy between the appellant, The Texas Company, and the Hardware Mutual as to the coverage afforded by the latter's policy and over its alleged obligation to defend and indemnify The Texas Company. Those controversies had a common source, namely, the collision of the Kerl truck and the Ormsby truck, and were of interest to all parties joined in the suit. It is true that there is language in appellant's policy which is perhaps broad enough to require it to defend The Texas Company in the State court actions, even though the Kerl automobile is not specifically covered by appellant's policy. However, the very purpose of the declaratory judgment suit was to secure a binding interpretation of the terms and requirements of appellant's policy and of the policy issued by the Hardware Mutual, and a determination of the rights and obliga-

tions of these insurers with respect to defending and indemnifying The Texas Company against the State court actions. The dismissal of the suit leaves the question of the coverage of the policies of the two insurers in uncertainty and still open to controversy.

We think that the complaint disclosed a controversy "appropriate for judicial determination". Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000. See and compare Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514; Central Surety & Ins. Corp. v. Norris, 5 Cir., 103 F.2d 116; United States F. & G. Co. v. Pierson, 8 Cir., 97 F.2d 560; Associated Indemnity Corp. v. Manning, 9 Cir., 92 F.2d 168; Maryland Casualty Co. v. United Corporation, 1 Cir., 111 F.2d 443; Continental Casualty Co. v. National Household Distributors, Inc., D.C., 32 F.Supp. 849; Commercial Casualty Ins. Co. v. Humphrey, D.C., 13 F.Supp. 174.

That the appellant prayed, among other things, for a declaration of nonliability of The Texas Company to the plaintiffs in the State court actions, did not justify a dismissal of the suit. It must be assumed that the court below, after issues have been joined and a trial has been had, will determine only such questions as properly may be adjudicated. If there is a misjoinder of parties defendant, as contended by Ormsby, Jones and Garrett, that would not entitle them to a dismissal of the suit. In Hanna v. Brictson Mfg. Co., 8 Cir., 62 F.2d 139, 144, this Court said: "If a court has before it the necessary parties to enable it to dispose of a case of which it has jurisdiction, it is of little consequence how many other persons may be present as nominal parties. They can be ignored or eliminated at any stage of the proceedings."

The judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.