## MARYLAND CASUALTY CO. *v.* PACIFIC COAL & OIL CO. ET AL.

No. 194. Argued January 9, 1941.—Decided February 3, 1941.

*Mr. Parker Fulton,* with whom *Mr. Paca Oberlin* was on the brief, for petitioner.

No appearance for respondents.

Mr. Justice Murphy delivered the opinion of the Court.

Petitioner issued a conventional liability policy to the insured, the Pacific Coal & Oil Co., in which it agreed to indemnify the insured for any sums the latter might be required to pay to third parties for injuries to person and property caused by automobiles hired by the insured. Petitioner also agreed that it would defend any action covered by the policy which was brought against the insured to recover damages for such injuries.

While the policy was in force, a collision occurred between an automobile driven by respondent Orteca and a truck driven by an employee of the insured. Orteca brought an action in an Ohio state court against the insured to recover damages resulting from injuries sustained in this collision. Apparently this action has not proceeded to judgment.

Petitioner then brought this action against the insured and Orteca. Its complaint set forth the facts detailed above and further alleged that at the time of the collision the employee of the insured was driving a truck sold to him by the insured on a conditional sales contract.

Petitioner claimed that this truck was not one "hired by the insured" and hence that it was not liable to defend the action by Orteca against the insured or to indemnify the latter if Orteca prevailed. It sought a declaratory judgment to this effect against the insured and Orteca, and a temporary injunction restraining the proceedings in the state court pending final judgment in this suit.

Orteca demurred to the complaint on the ground that it did not state a cause of action against him. The District Court sustained his demurrer and the Circuit Court of Appeals affirmed. 111 F. 2d 214. We granted certiorari, 311 U. S. 625, to resolve the conflict with the decisions of other Circuit Courts of Appeals cited in the note.[1]

The question is whether petitioner's allegations are sufficient to entitle it to the declaratory relief prayed in its complaint. This raises the question whether there is an "actual controversy" within the meaning of the Declaratory Judgment Act (Judicial Code § 274d, 28 U. S. C. § 400), since the District Court is without power to grant declaratory relief unless such a controversy exists. *Nashville, C. & St. L. Ry. Co.* v. *Wallace,* 288 U. S. 249, 259; U. S. C. A. Constitution, Art. III, § 2.

---

[1] *Maryland Casualty Co.* v. *United Corporation,* 111 F. 2d 443; *Central Surety & Insurance Corp.* v. *Norris,* 103 F. 2d 116; *Maryland Casualty Co.* v. *Consumers Finance Service, Inc.,* 101 F. 2d 514; *Aetna Casualty & Surety Co.* v. *Yeatts,* 99 F. 2d 665; *U. S. Fidelity & Guaranty Co.* v. *Pierson,* 97 F. 2d 560; *Associated Indemnity Corp.* v. *Manning,* 92 F. 2d 168. See also, *Employers' Liability Assurance Corp.* v. *Ryan,* 109 F. 2d 690; *C. E. Carnes & Co.* v. *Employers' Liability Assurance Corp.,* 101 F. 2d 739; *Standard Accident Insurance Co.* v. *Alexander, Inc.,* 23 F. Supp. 807; *U. S. Fidelity & Guaranty Co.* v. *Pierson,* 21 F. Supp. 678; *Builders & Manufacturers Mutual Casualty Co.* v. *Paquette,* 21 F. Supp. 858; *Travelers Insurance Co.* v. *Young,* 18 F. Supp. 450; *Commercial Casualty Insurance Co.* v. *Humphrey,* 13 F. Supp. 174.

The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. See *Aetna Life Ins. Co.* v. *Haworth,* 300 U. S. 227, 239–242. It is immaterial that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case. *Nashville, C. & St. L. Ry. Co.* v. *Wallace, supra,* p. 261.

That the complaint in the instant case presents such a controversy is plain. Orteca is now seeking a judgment against the insured in an action which the latter claims is covered by the policy, and §§ 9510–3 and 9510–4 of the Ohio Code (Page's Ohio General Code, Vol. 6, §§ 9510–3, 9510–4) give Orteca a statutory right to proceed against petitioner by supplemental process and action if he obtains a final judgment against the insured which the latter does not satisfy within thirty days after its rendition. Compare *Maryland Casualty Co.* v. *United Corporation,* 111 F. 2d 443, 446; *Central Surety & Insurance Corp.* v. *Norris,* 103 F. 2d 116, 117; *U. S. Fidelity & Guaranty Co.* v. *Pierson,* 97 F. 2d 560. 562. Moreover, Orteca may perform the conditions of the policy issued to the insured requiring notice of the accident, notice of suit, etc., in order to prevent lapse of the policy through failure of the insured to perform such conditions. *Hartford Accident & Indemnity Co.* v. *Randall,* 125 Ohio St. 581; 183 N. E. 433; see also, *Lind* v. *State Automobile Mutual Insurance Assn.,* 128 Ohio St. 1; 190 N. E. 138;

*State Automobile Mutual Insurance Assn.* v. *Friedman,* 122 Ohio St. 334; 171 N. E. 591.

It is clear that there is an actual controversy between petitioner and the insured. Compare *Aetna Life Ins. Co.* v. *Haworth, supra.* If we held contrariwise as to Orteca because, as to him, the controversy were yet too remote, it is possible that opposite interpretations of the policy might be announced by the federal and state courts. For the federal court, in a judgment not binding on Orteca might determine that petitioner was not obligated under the policy, while the state court, in a supplemental proceeding by Orteca against petitioner, might conclude otherwise. Compare *Central Surety & Insurance Corp.* v. *Norris, supra,* p. 117; *Aetna Casualty & Surety Co.* v. *Yeatts,* 99 F. 2d 665, 670.

Thus we hold that there is an actual controversy between petitioner and Orteca, and hence, that petitioner's complaint states a cause of action against the latter. However, our decision does not authorize issuance of the injunction prayed by petitioner. Judicial Code § 265, 28 U. S. C. § 379; see *Central Surety & Insurance Corp.* v. *Norris, supra,* p. 117; *Maryland Casualty Co.* v. *Consumers Finance Service, Inc.,* 101 F. 2d 514, 516; *Aetna Casualty & Surety Co.* v. *Yeatts, supra,* p. 670.

The judgment of the Circuit Court of Appeals is reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE BLACK did not participate in the consideration or decision of this case.