### UNION INS. CO. v. CHAPMAN et al.
### No. 100.

District Court, S. D. Ohio, W. D.

March 14, 1941.

Miller & Finney, of Xenia, Ohio, and O. M. Southard, of Dayton, Ohio, for plaintiff.

Irvin C. Delscamp, of Dayton, Ohio, and L. T. Marshall, of Xenia, Ohio, for defendant, Ella Clos.

NEVIN, District Judge.

This cause is now before the court on a motion filed February 11, 1941, on behalf of plaintiff for a preliminary injunction. Plaintiff "moves the Court to grant a pre-

liminary injunction against the defendant, Ella Clos, pending this suit and until the further order of the Court conformable with the prayer of the complaint in said case filed."

The action is one for a declaratory judgment. In its complaint filed February 6, 1941, plaintiff alleges that on June 7, 1939, it issued its policy of insurance insuring the legal liability of defendant, Maude A. Chapman, growing out of the ownership and operation of an automobile; that, on June 8, 1939, defendant, Ella Clos, was in an accident and sustained personal injuries while riding as a passenger in another car involved in an accident with that of defendant, Chapman.

Plaintiff alleges that the defendant, Chapman, delayed giving notice to plaintiff of the alleged accident to such an extent as that one of the conditions of the policy was violated, and thereby the policy became void and of no effect in reference to this accident.

It is further alleged that the defendant herein, Ella Clos, obtained a judgment against defendant, Maude A. Chapman, on January 8, 1941, in the sum of $5,000 in a suit wherein Ella Clos was plaintiff and Maude A. Chapman defendant, being Case No. 22182 in the Common Pleas Court of Greene County, Ohio, and that said Ella Clos will file a supplemental petition in said Case No. 22182 in the Common Pleas Court of Greene County, Ohio, and proceed thereon against the plaintiff herein unless she is restrained by this court from so doing.

It appears from the record presented in open court on the hearing of the motion that a supplemental petition was filed in the case in Greene County, Ohio, on February 8, 1941, three days before the motion for preliminary injunction was filed in this court. However, there was contained in the original complaint, among others, a prayer that the defendant, Ella Clos, be restrained from filing a· supplemental petition in the case in the Common Pleas Court of Greene County, Ohio.

The supplemental petition and the proceedings thereon in the state court are filed and carried forward by virtue of the provisions of Section 9510-4 of the General Code of Ohio.

In view of the recent decision (February 3, 1941) of the Supreme Court of the United States in the case of Maryland Casualty Co. v. Pacific Coal & Oil Co., and Joe Orteca, 312 U.S. 270, 61 S.Ct. 510, 513, 85 L.Ed. ——,[1] the court is of opinion that the motion for preliminary injunction is not well taken, and that it should be, and it is, overruled.

In the Orteca case, while Orteca (the injured party) had brought suit in the state court (Ohio) against the insured to recover damages resulting from injuries sustained in a collision, that action, the Supreme Court states, apparently had not proceeded to judgment and, although holding that petitioner's complaint in the declaratory judgment suit stated a cause of action, nevertheless, the court held that its decision "does not authorize issuance of the injunction prayed by petitioner" (citing) Judicial Code § 265, 28 U.S.C.A. § 379; see Central Surety & Insurance Corp. v. Norris, 5 Cir., 103 F.2d 116, 117; Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514, 516; Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665, 670.

While the status of the Orteca case was not the same in the state court as here, nevertheless, it is the view of this court that the ruling in that case is decisive here. A stronger case for the issuance of an injunction was made by petitioner in the Orteca case than in the case at bar, wherein a judgment has already been obtained.

In their brief (p. 2) counsel for plaintiff say they rely "for a preliminary injunction" on the case of Standard Accident Insurance Co. v. Grimmett, D.C., 32 F. Supp. 81. In the Grimmett case the court held that plaintiff was entitled to a preliminary injunction such as is ·here sought notwithstanding the statute prohibiting injunction to stay proceedings in the state court except in bankruptcy proceedings. Judicial Code § 265, 28 U.S.C.A. § 379.

In the Orteca case, however, the Supreme Court (as above noted) after holding that its decision does not authorize issuance of the injunction there prayed for, cites this very section in support of that ruling. It is the view of this court, therefore, that the Supreme Court has thus indicated that the statute above referred to (Judicial Code § 265, 28 U.S.C.A. § 379) does prohibit the issuance of such an in-

[1] A discussion of the Orteca case may be found in the Ohio Law Reporter of March 10, 1941, at page 492 et seq.

junction as is here sought under the Declaratory Judgment Act, 28 U.S.C.A. § 400. This was the ruling of the courts in the cases of Central Surety & Insurance Corp. v. Norris, supra; Maryland Casualty Co. v. Consumers Finance Service, Inc., supra; Ætna Casualty & Surety Co. v. Yeatts, supra.

An order may be drawn overruling plaintiff's motion for preliminary injunction.

There is also now pending in this court a motion filed on February 28, 1941, on behalf of defendant, Ella Clos, to dismiss the bill of complaint. That motion the court will dispose of later on. In the meantime, so far as this court is concerned, there is nothing to prevent the action on behalf of Ella Clos from going forward in the Common Pleas Court of Greene County, Ohio.