## STANDARD ACC. INS. CO. v. MEADOWS.
### No. 10039.

Circuit Court of Appeals, Fifth Circuit.

Jan. 30, 1942.

obligated to defend the state court action or to pay and satisfy any judgment which plaintiffs might recover therein.

The defendants, agreeing that they were not in any wise responsible for or liable to plaintiffs in the state court suit, on account of the collision, yet insisted that under the terms of the policy,[1] plaintiff, its insured, was obligated to defend the suit though groundless, and was also obligated to pay any judgment plaintiffs in the state court suit might obtain against them. Joining plaintiff in its prayer for a declaration of rights they prayed that the respective rights and obligations under the insurance contract be fully determined. The other defendants, the plaintiffs in the state court suit, alleging that all the matters sought to be determined in the declaratory judgment suit were at issue in the state court suit and could be more properly determined there, moved to dismiss the suit for want of jurisdiction. The district judge, on the pleadings and without taking evidence, holding that no facts were pleaded entitling plaintiff to relief against plaintiffs in the state court suit, dismissed them from the action. As between the declarer plaintiff, and the defendants Strider and Wood, he determined and so ordered, (1) that plaintiff was obligated under its policy to defend the suit, though false and groundless, and (2), "if a judgment should be recovered in the state court action upon the pleadings as they now stand" * * * "plaintiff is under obligation to pay it." Plaintiff appealing from the order dismissing the state court plaintiffs from the suit, and from the declaratory judgment as between it and the defendants, Strider and Wood, insists that they may not stand.

■ Plaintiff in this suit had no controversy with plaintiffs in the state court suit which would entitle it to a declaration upon the question of negligence vel non primarily asserted there. It sought no declaration on that point. The declaration it sought was as to whether the injuries claimed to have been received were within the coverage of its policy. It has been repeatedly held in this circuit and elsewhere [2]

J. Morgan Stevens, of Jackson, Miss., for appellant.

R. C. Russell, of Magee, Miss., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, plaintiff below, is an automobile insurance company. Appellees, defendants below, are the plaintiffs and Strider and Wood, two of the defendants in a state court suit for damages sustained in an automobile collision. The suit was for a declaratory judgment that plaintiff under a policy it had issued to Strider and Wood was not

---

[1] "The company shall (a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent" * * *.

[2] Central Surety and Insurance Corp. v. Norris, 5 Cir., 103 F.2d 116; Maryland Casualty Co. v. United Corp., 1 Cir., 111 F.2d 443; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514; Aetna Casualty & Surety Corp. v. Yeatts, 4 Cir., 99 F.2d 665; C. E. Carnes & Co. v. Employers' Liability Assur. Corp., 5 Cir., 101 F.2d 739; Maryland Casualty v. Pa-

that whether an insurer is bound under an automobile insurance policy by a judgment against its insured, presents a controversy for declaratory judgment as between it, its insured and the plaintiff in a damage suit against its insured and it was plain error to dismiss the state court plaintiffs from the suit. It was equally plain error to deny plaintiff a trial on the merits and to declare and adjudge on the basis of the pleadings including those of the plaintiffs in the state court suit, that plaintiff in this suit was obligated to defend the state court suit and "if a judgment should be recovered upon the pleadings as they now stand, plaintiff in this suit would be liable to pay it." In Southern Underwriters v. Dunn, 5 Cir.,[3] 96 F.2d 224, 226, the district judge held that, though the allegations were stipulated to be and were false and fraudulent, the insurer was obligated to defend the suits and "to pay off * * * any judgment or judgments rendered in said suits * * * based upon a finding or findings that the facts are true which are set forth in the pleadings in such suits."

■ We reversed.[4] Here plaintiff flatly and positively alleged that the allegations in the state court petition, that the car involved in the collision was the car of plaintiff's assured and that the driver thereof was their employee, are false and untrue, and that the facts are that its assured had no interest in and nothing whatever to do with the car or its driver. On these allegations, bringing in question not whether the deceased had been injured by the negligence of the driver of the car as alleged but only whether the car or its driver were covered by its policy, plaintiff had a right to present that issue for determination and to have it determined in the federal court in the exercise not of its exclusive but of its concurrent jurisdiction.[5]

■ In this view both the suit in the state court and that in the federal court may proceed "until one be decided, when the decision could be used in a proper manner in disposing of the other." Central Surety & Insurance Corp. v. Norris, 5 Cir., 103 F.2d 116, 117. Because this is so and because by the terms of its policy, plaintiff is obligated to defend any suit against its assured even if such suit is groundless, false or fraudulent, plaintiff in this suit must at its expense, defend the state court suit in assured's name and behalf, until the liability of its assured and therefore whether there is coverage, is finally determined either in this court or in that.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

cific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826.

[3] This was a declaratory judgment suit brought by persons claiming to be "other assured's", for a declaration that defendant as insurer, must defend them in state court suits brought against them and pay any judgment in such suits plaintiffs might get against them. Tried upon the stipulation of fact that the allegations of the state court suits were not true and that they were not "other assured's" under the policy, the contention was that since plaintiff had alleged facts which if true, would make them "other assured's", and the insurer liable, the insurer was obligated under a "groundless, false or fraudulent" provision like that set out in Note 1, supra, to defend the suit and was also obligated to pay any judgment plaintiffs recovered against them on those allegations.

[4] Declaring that the suit was one "for a declaratory judgment as to the rights of plaintiffs and the duty of defendant under the policy contract, to be determined not upon the allegations in the [state court] suits, but upon the facts stipulated in [the federal court suit]", and that "whether [the plaintiffs in that suit] are 'other assureds' under appellant's policy, to be defended and indemnified as such in the [state court] suits, is not to be determined here by either the allegations in or the hypothetical results of those suits. They are without bearing upon the duties and liability of appellant under the invoked policy", we held that "these depend alone, they are to be determined alone, by the facts stipulated and admitted [in the federal court suit]."

[5] Carpenter v. Edmondson, 5 Cir., 92 F.2d 895; United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F. 2d 514; Ballard v. Mutual Life Insurance Co., 5 Cir., 109 F.2d 388; Western Supplies Co. v. Freeman, 6 Cir., 109 F.2d 693, 695.