## LUMBERMENS MUT. CASUALTY CO. v. SPENCER et al.

### No. 1058.

District Court, M. D. Pennsylvania.

Nov. 23, 1942.

R. Bialkowski, of Scranton, Pa., for plaintiff.

L. B. Maxwell, of Honesdale, Pa., for defendant Katherine Mang.

JOHNSON, District Judge.

On October 26, 1942, the above named plaintiff, by its attorney, R. Bialkowski, moved this Court to issue an injunction restraining the above mentioned defendant, Katherine Mang, from proceeding with a certain civil action for damages against the other named defendant, Cecil J. Spencer, which has been pending in the Court of Common Pleas of Wayne County, Pennsylvania. Counsel has assigned as his reason the possibility that the above named Insurance Company might not be liable to Mr. Spencer on a certain accident policy, and that it was desired that this question of liability should first be determined by this court before the above named defendants be allowed to proceed further with their action now pending in Wayne County, Pennsylvania.

This question of the Federal Court's power to enjoin parties from proceeding with an action pending in the State Courts has been discussed in frequent prior decisions, the latest two being Maryland Casualty Co. v. Pacific Coal & Oil Company et al., 1941, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826, and Toucey v. New York Life Insurance Company, 1941, 314 U.S. 118, 62 S.Ct. 139, 142, 86 L.Ed. 100, 137 A.L.R. 967. The latter decision, in which Justice Frankfurter spoke for the majority of the Court, contains an exhaustive and comprehensive analysis of the legal points involved, and it is obvious and clear to this Court, that under this latter decision, no merit can be assigned to the petition at hand.

The sole reason assigned by the plaintiff company for the granting of the injunction is the possibility of the plaintiff's nonliability on a certain insurance policy. In the Toucey case, supra, the court pointed out the several recognized exceptions to the general rule as advanced by Section 265 of the Judicial Code, 28 U.S.C.A. § 379, which is that a Federal Court is forbidden to enjoin a proceeding in personam in the state court. These exceptions are, briefly; First, where such injunction is necessary to prevent "needless friction between state and federal courts"; Secondly, where the case falls within the Federal Removal Acts; Third, in cases involving a shipowner's liability; Fourth, in cases of interpleader; Fifth, in bankruptcy proceedings; Sixth, in cases falling within the Frazier Lemke Act; and lastly, where the Federal Government has first acquired possession of the "res" in controversy.

Obviously, the case at hand is not within any of these recognized exceptions, and furthermore, adhering to the language of Justice Frankfurter in the Toucey case, supra, to wit; "We must be scrupulous in our regard for the limits within which Congress has confined the authority of the courts of its own creation", these exceptions should not be enlarged unless it appears necessary.

Therefore, for the above reasons, it is ordered that the petition of the plaintiff for an injunction restraining the above defendants from proceeding with their action in the Wayne County Court, be and hereby is denied.