**KOHLER CO., Plaintiff,**

v.

**RED ARROW STEAMSHIP CO.,
Defendant.**

**No. 63-C-163.**

United States District Court
E. D. Wisconsin.
Aug. 23, 1963.

Lucius P. Chase, Kohler, Wis., for plaintiff.

Robert L. Rohde, Sheboygan, Wis., for defendant.

GRUBB, District Judge.

This is an action for declaration of the rights and legal relations of the parties under a contract, brought under the Declaratory Judgment Act, 28 U.S.C.A., Sections 2201 and 2202. Jurisdiction is based on diversity of citizenship, Title 28 U.S.C.A. Section 1332. The case has been submitted on stipulation of facts and briefs. The Interstate Commerce Commission has filed a brief amicus curiae.

The following facts appear from the stipulation. Plaintiff is a Wisconsin corporation which manufactures articles requiring the use of pig iron. Defendant is a Delaware corporation with its principal place of business in the State of Ohio. It engages in the transportation of commodities in interstate commerce between ports on the Great Lakes.

On March 12, 1963, plaintiff and defendant entered into a contract for the 1963 season of navigation, providing for defendant to move approximately 16,000 tons of pig iron for plaintiff, port-to-port from South Chicago, Illinois, to Sheboygan, Wisconsin, at the rate of $2.20 per gross ton (U. S. Funds). Pursuant to said contract, defendant has already transported a total of 5,817 tons of pig iron in two shipments which departed South Chicago on May 3, 1963, and June 6, 1963, respectively. The contract remains executory as to the remaining 10,183 gross tons having a "contract value" of $22,402.60.

On June 5, 1963, the Bureau of Inquiry and Compliance of the Interstate Commerce Commission notified defendant that the transportation of pig iron by defendant under the aforesaid contract was illegal under the Interstate Commerce Act. It was the contention of the Bureau that defendant required prior authority from the Commission for the shipments in question because pig iron was not within the definition of "commodities in bulk" exempt from regulation under Section 303(c) of the Interstate Commerce Act, Title 49 U.S.C.A., Section 903(c).

After being notified of the Commission's position by defendant, plaintiff requested defendant to relieve it from its obligations and duties under the contract until the legality thereof could be determined. Defendant declined. Plaintiff then commenced this action. Following service of summons and complaint upon it, defendant notified the Bureau of Inquiry and Compliance of the Interstate Commerce Commission of the commencement of the pending action.

It appears from the stipulated facts, pleadings and briefs that there is a dispute between plaintiff and defendant as to the propriety of performance of the executory provisions of the contract pending the determination of its legality. Both parties, however, agree entirely that the subject matter of the agreement is legal and that the Bureau of Inquiry and Compliance of the Interstate Commerce Commission is in error in its contention that the transportation of pig iron is not exempt from regulation under the Act.

The real issue in this case which must be resolved to determine the status of the parties under the contract concerns the legality of the agreement. On this question there is no adversity of legal interests. Under these circumstances the court cannot adjudicate the issues in this action. The existence of a "controversy" contemplated by the De-

claratory Judgment Act requires the presence of parties having adverse legal interests. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937); Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Cf. Empire Box Corp. of Stroudsburg v. Willard Sulzberger Motor Co., 104 F. Supp. 762 (D.C.D.N.J.1952) where plaintiff and the Interstate Commerce Commission requested a declaration that the operations under the contract were illegal, while defendant claimed their validity; and St. Regis Paper Co. v. United States, 368 U.S. 208, 82 S.Ct. 289, 7 L. Ed.2d 240 (1961) where declaratory judgment may have been an appropriate remedy because parties representing adverse interests were before the court.

Although the parties concede that any judgment rendered in this action would not be res adjudicata as to the Interstate Commerce Commission which is not a party to this action, they contend that a declaration of legality of operations under the contract, should this be the conclusion of the court, *may* immunize them against penal proceedings under the Act, citing New York State Labor Relations Board v. Holland Laundry, 294 N.Y. 480, 63 N.E.2d 68 (1945), 161 A.L.R. 802. That case may be distinguished because the Labor Board did not notify the parties of the alleged illegality of their conduct prior to commencement of the action by the employer against the employees. It may also be noted that the soundness of this decision has been questioned. See National Labor Relations Board v. Thayer Co., 213 F.2d 748, 755, fn. 11 (1st Cir., 1954), cert. denied 348 U.S. 883, 75 S.Ct. 123, 99 L.Ed. 694.

It has been pointed out by defendant and by the Interstate Commerce Commission, in its brief amicus curiae, that the question of the legality of the transportation as provided in the instant agreement is before the Commission on complaint of Great Lakes Ship Owners Association and five steamship companies. Defendant, Red Arrow Steam-

ship Company, is also a defendant in that proceeding which was commenced before the instant suit was brought. Any judgment rendered by this court would not be conclusive or binding on the Commission or any other party not now before the court which has a right to challenge the validity of the transportation. Maintenance of this action under the Declaratory Judgment Act under these circumstances is not in furtherance of the orderly administration of justice.

The court adopts the stipulation of facts, insofar as recited herein, as its findings of fact. Other findings and conclusions of law are as stated in this opinion pursuant to Rule 52, Federal Rules of Civil Procedure. In accordance with said findings and conclusions and on the court's own motion, the complaint herein must be and it is hereby dismissed.