527 F.2d 472
 Wayne BROOKS, alias Lawrence Brooks, Appellant,
v.
Gene COUSINS, Individually and in his official capacity as
Superintendent of the Cleveland County Subsidiary
$4635 of the N.C. Department of
Correction, Appellee.
 No. 74--2278.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Aug. 15, 1975.
Decided Nov. 10, 1975.
 
 Wayne Brooks, pro se.
 Jacob L. Safron, Asst. Atty. Gen. of North Carolina, for appellee.
 Before RUSSELL, FIELD and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 On March 18, 1974, one inmate at a medium security prison in North Carolina stabbed another inmate. Wayne Brooks was charged as the assailant. Thereafter, he was transferred to another prison, and ultimately to the North Carolina Central Prison, a maximum security institute. It was not until April 25 that he received a hearing before the state's Central Classification Board.
 
 
 2
 Based on these events, Brooks brought a civil rights suit claiming that his entitlement to procedural due process had been violated by, among other things, 1. the denial of notice; 2. the delay of the hearing; 3. the lack of an opportunity to confront his accusers; 4. the lack of an opportunity to present witnesses, and 5. the denial of a right to counsel. Finding that none of these actions constituted an infringement of Brooks' constitutional rights the district court granted no relief. After several unsuccessful motions below, Brooks brought the present appeal.
 
 
 3
 Since similar issues of due process were then before the Supreme Court in the case of Preiser v. Newkirk, we held this appeal in abeyance. On June 25, 1975, the Court rendered its decision, ordering the district court to dismiss the complaint as moot. Preiser v. Newkirk, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). For the reasons stated hereinafter, we must treat the present appeal similarly.
 
 
 4
 The rule in federal cases is that an actual controversy must exist during appeal as well as at the time a complaint is initiated. Steffel v. Thompson, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). Moreover the parties must have adverse interests 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Maryland Casualty Co. v. Pacific Co., 312 U.S. 270, 273, 61 S.Ct. 510, 513, 85 L.Ed. 826 (1941).
 
 
 5
 Examining Brooks' case in light of these tests, we find his complaints now mooted by his parole on May 19, 1975, to his Florida detainer. Accordingly, the decision of the district court is
 
 
 6
 Affirmed.