An appropriate order will be entered.

Olin Billie BOOKER et al., Plaintiffs,

v.

Honorable William H. ANDERSON, Chancellor of the Chancery Court of Lafayette County, Mississippi, et al., Defendants.

No. WC 77–96–S.

United States District Court,
N. D. Mississippi, W. D.

June 5, 1979.

See also, D.C., 83 F.R.D. 272.

Leonard McClellan, Alvin O. Chambliss, North Miss. Rural Legal Services, Oxford, Miss., for plaintiffs.

Will T. Hickman, S. T. Rayburn, Sumners, Hickman & Rayburn, Oxford, Miss., for Anderson.

Lynn Agee, Gorman & Reed, Memphis, Tenn., for Int. W. Amer. AFL–CIO.

Lynn-Marie Crider, Youngdahl, Larrison & Agee, Little Rock, Ark., for unions.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This case is before the court for consideration of a motion to dismiss filed on behalf of defendants Champion Building Products, a Division of Champion International Corporation (Champion), Honorable William H. Anderson (Anderson) and Buddy East (East), (hereafter sometimes collectively referred to as the Local Defendants). The motion seeks dismissal of the complaint be-cause it is moot and it asks the court to dismiss defendant Anderson who is Chancellor of the Chancery Court of Lafayette County, Mississippi, because he is immune from liability in this action.

The court received, on March 24, 1979, a copy of the motion, supporting documents and memorandum of authorities. Plaintiffs filed, on April 13, 1979, a one-page pleading captioned "Opposition to Motion to Dismiss" which made a general conclusory statement opposing the motion and requested an extension of time until April 23, 1979, to submit a response to the motion. On April 16, 1979, the court entered an order granting plaintiffs until April 23, 1979, to submit their reply to the motion to dismiss. As of this date, the court has not received plaintiffs' reply memorandum and no other response in opposition has been filed with the clerk.

The facts and allegations of the complaint are presented in Parts I and II of the Memorandum of Decision dated January 22, 1979 (hereafter Memorandum) and will not be repeated here. However, the court notes that the complaint cited the following statutory and constitutional provisions:

Title II, III and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a–2000a–6, §§ 2000b–2000b–3, §§ 2000e–2000e–17

Title I of the Civil Rights Act of 1968, 18 U.S.C. § 245(b)

29 U.S.C. §§ 158(b)(1)(A), (b)(2)

42 U.S.C. §§ 1981, 1982, 1983, 1985, 1988

U.S.Const. amends. I, IV, V, IX, X, XIII, XIV

For the purpose of considering the motions to dismiss, discussed in the Memorandum, the court assumed that plaintiffs cited the above-listed statutory and constitutional provisions for the purpose of asserting a cause of action. Memorandum at 9, n. 5.

I. Motion to Dismiss—Mootness.

■ Although Local Defendants' motion to dismiss asks the court to dismiss the entire complaint because it is moot, a reading of the memorandum submitted in support of the motion shows that Local De-

fendants actually seek to dismiss on mootness grounds that part of the complaint which the court referred to in its Memorandum as plaintiffs' "civil rights" claim. Under the court's interpretation of the "civil rights" claim

> plaintiffs contend that some or all of the defendants have violated plaintiffs' constitutionally or statutorily protected civil rights to engage in certain strike-related activities by (1) instituting the civil action in the Chancery Court of Lafayette County to enjoin plaintiffs' strike-related activities; (2) issuing the temporary injunction, and (3) arresting or threatening to arrest or threatening to hold in contempt those persons disobeying the temporary injunction.

Memorandum at 9 (footnote omitted).

In the Memorandum, the court assumed that the "civil rights" claim accrued under 42 U.S.C. §§ 1983, 1985, and the First and Fourteenth Amendments to the Constitution of the United States and that jurisdiction was invoked under 28 U.S.C. §§ 1331, 1343(3), (4). Memorandum at 10 n. 7.

The Local Defendants and the Union Defendants [1] had filed separate motions to dismiss the "civil rights" claim on the ground of mootness. In the Memorandum, the court denied both motions because the temporary injunction issued by the Chancery Court of Lafayette County, Mississippi, in *Champion Building Products v. International Woodworkers of America, AFL-CIO, et al.,* No. A-7028 (Ch.Ct. Lafayette County, Miss., Sept, 14, 1977) remained in full force and effect. Memorandum at Parts III-A and IV.

Local Defendants argue that the "civil rights" claim now is moot and should be dismissed. In support of the motion, the Local Defendants have adopted the affidavit and other papers attached to the Local Defendants' and the Union Defendants' previously filed motions to dismiss.[2] The papers show that on September 14, 1977, defendant Anderson ordered the issuance of a temporary injunction enjoining plaintiffs and others from participating in certain strike activities; that on September 19, 1978, defendant Anderson signed a show-cause order requiring plaintiffs and others to show cause why they should not be held in contempt for failure to obey the temporary injunction; that the show-cause hearing was held on September 23, 1977, but no one was found to be in contempt, but instead defendant Anderson again ordered the plaintiff to comply with the temporary injunction; that the strike activities ended on September 23, 1977, and on that date defendant Champion fired the named plaintiffs in this action; that the discharge of the plaintiffs by defendant Champion was submitted to arbitration in accordance with the provisions of the collective bargaining agreement and the arbitrator found that defendant Champion properly discharged plaintiffs and denied the grievance; and that a charge was filed with the NLRB alleging that plaintiffs' discharge violated the National Labor Relations Act but the charge was found to be without merit.

With the pending motion to dismiss, Local Defendants have submitted a certified copy of an order entered by defendant Anderson on March 6, 1979, in *Champion Building Products v. International Woodworkers of America, AFL-CIO, et al.,* No. A-7028 (Ch.Ct. Lafayette County, Miss., March 6, 1979). That order dissolved the

---

1. The Union Defendants are:
   International Woodworkers of America, AFL-CIO (IWA); International Woodworkers of America, Local 5-376; Charles Campbell, Regional President of IWA, Region 5; Walter Gorman, Regional Vice-President of IWA, Region 5; and Truman Reed, Regional Representative of Region 5.

2. The papers included:
   Affidavit of Walter Gorman

Opinion and Award of March 15, 1978, by Samuel J. Nicholas, Jr., Arbitrator and Umpire
Letter dated November 2, 1977, to Honorable Lynn Agee from John F. Harrington, Acting Regional Director of NLRB, Region 26
Letter dated December 7, 1977, to Honorable Lynn Agee, from Robert E. Allen, Director of Office of Appeals, NLRB.

temporary injunction ordered on September 14, 1977.[3]

Local Defendants note that the court ruled in its Memorandum that the "civil rights" claim was not moot because the temporary injunction was still in effect and therefore the Local Defendants and the Union Defendants' separate motions to dismiss for mootness were denied. With the dissolution of the temporary injunction, Local Defendants contend the "civil rights" claim is now moot and should be dismissed.

Plaintiffs' only response to Local Defendants' motion to dismiss has been the pleading captioned "Opposition to Motion to Dismiss" wherein plaintiffs state that they "believe that the grounds set forth, including the continuous ex parte proceedings shows conclusively that serious statutory, as well as constitutional grounds exist, that dictates that this motion be denied. The claims, of the plaintiffs, are not moot and there is a justicable [sic] controversy between the parties to this action."

The complaint asks the court to award declaratory and injunctive relief. No claim is made for damages. Each specific request for relief in the complaint pertains to the "civil rights" claim. No specific requests for relief are made for any of the claims presumably asserted under the other numerous statutory and constitutional provisions cited in the complaint.

The specific requests for relief ask the court:

1. To issue a declaratory judgment that plaintiffs have the right under the First and Fourteenth Amendments to the Constitution of the United States to participate in certain peaceful and lawful strike-related activities in order to present their work grievances with defendant Champion;

2. To enjoin the defendants from interferring with plaintiffs' constitutionally protected rights to engage in certain peaceful and lawful strike-related activities;

3. To enjoin defendants from enforcing those parts of the temporary injunction issued by defendant Anderson in *Champion Building Products v. International Woodworkers of America, AFL–CIO, et al,* No. A–7028 (Ch.Ct. Lafayette County, Miss. Sept. 14, 1977) which interferes with plaintiffs' right to participate in the strike-related activities;

4. To enjoin defendants from seeking any further injunctive relief which interferes with plaintiffs' right to participate in the strike-related activities;

5. To enjoin defendant East from arresting plaintiffs for participating in the strike-related activities and to enjoin Honorable Will Hickman and Honorable S. T. Rayburn,[4] counsel for Local Defendants, from prosecuting plaintiffs for violating the temporary injunction issued by defendant Anderson.

"The test of mootness in a case asking for injunctive relief is whether the injury is continuing or is likely to be repeated." *Southwestern Bell Telephone Co. v. Communications Workers of America, AFL–CIO,* 454 F.2d 1333, 1334 (5th Cir. 1971), *quoted with approval in, Familias Unidas v. Brisco,* 544 F.2d 182, 187 (5th Cir. 1976); *see United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 898, 97 L.Ed. 1303 (1953) ("The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.")

The strike activities related to plaintiffs' "civil rights" claim ended on September 23,

---

3. The order reads:
This day there came on to be heard and was heard, the Motion for Non-Suit of the Complainant of the Bill of Complaint heretofore filed herein and this action, and the Court being fully advised in the premises, is of the opinion that said Motion is well taken and should be and is hereby sustained, and that the temporary injunction heretofore issued in this cause is hereby dissolved.
Since a certified copy of this order was not filed with the clerk, the court will have filed the certified copy which was submitted to the court.

4. Neither Mr. Hickman or Mr. Rayburn are named as defendants.

1977, and all employees who were not fired returned to work on or about September 26, 1978. The plaintiffs were fired by defendant Champion on or about September 23, 1977. Since the end of the strike, none of the defendants have arrested or threatened to arrest or prosecute any of the plaintiffs for participating in strike-related activities or for violating the temporary injunction issued by defendant Anderson on September 14, 1977. None of the plaintiffs was held in contempt of court or fined at the show-cause hearing held on September 23, 1977, in the Chancery Court of Lafayette County, Mississippi. On March 6, 1979, the temporary injunction was dissolved. Under the circumstances the court finds that the injunctive relief requests set forth above in paragraphs 2, 3 and 5 are moot because the alleged illegal activities from which the requests arose have ended and no longer pose a threat to plaintiffs and nothing in the record indicates that these alleged illegal activities will be repeated by one or more of the defendants. As to plaintiffs' request that the court enjoin defendants from seeking any further injunctive relief to prevent plaintiffs from participating in the strike-related activities (paragraph 4), the complaint does not allege that defendants have sought any injunctive relief other than the temporary injunction issued by defendant Anderson on September 14, 1977. The court finds that this claim is also moot.

In *Meltzer v. Board of Public Instruction of Orange County,* 548 F.2d 559 (5th Cir. 1977) *rev'd in part, aff'd in part,* 577 F.2d 311 (5th Cir. 1978) (en banc) (per curium) the court discussed the factors to be considered in deciding whether a request for declaratory relief is moot.

In *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 1941, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826, the Supreme Court emphasized that the difference between an abstract question and a "controversy" contemplated by 28 U.S.C.A. § 2201 is necessarily one of degree. Faced with the difficulty of fashioning a precise test for determining whether there is such a controversy in a particular case, the Court substantially avoided the problem by using an essentially circular test: "The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273, 61 S.Ct. at 512.

In *Steffel v. Thompson* [415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)] the Supreme Court discussed and applied the case or controversy aspects of the Declaratory Judgment Act in its criminal setting. The Court there pointed out that there were two stages to the case or controversy inquiry. The first is whether the appellant's allegations are "imaginary or speculative" or whether they are, on the contrary, real and substantial.

.        .        .        .        .

The second stage of the inquiry, emphasized the Court in *Steffel,* is whether or not there is a *"continuing* existence of a live and acute controversy. . . . *"* *Id.,* 415 U.S. at 459, 94 S.Ct. at 2116. For, as a variety of Supreme Court cases have recognized, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. The emphasis given to the phrase "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," from *Maryland Casualty* by the Supreme Court in *Preiser* [*v. Newkirk,* 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)] only underscores the two-step nature of the inquiry.

548 F.2d at 570, 571 (footnotes omitted) (emphasis in original).

Applying this test to plaintiffs' request for declaratory relief (paragraph 1), the court finds that it is moot. The strike activities ended on or about September 23, 1977, and no other strike activities have occurred since that date. The plaintiffs were not held in contempt and have not been threatened with arrest or prosecution for participating in the strike. In fact, the plaintiffs probably have no basis to protest

the working conditions at defendant Champion's plant since they were fired on September 23, 1979. Finally, no attempt has been made to enforce the temporary injunction since September 23, 1977, and it was dissolved on March 6, 1979. If the request for declaratory relief constituted a live controversy at the time the complaint was filed, the court finds that such a controversy does not exist now.

## II. Motion to Dismiss Defendant Anderson —Immunity.

■ Defendant Anderson, the Chancellor of the Chancery Court of Lafayette County, Mississippi, asks the court to dismiss him because he is immune from liability for any of the actions the plaintiffs allege in the complaint he took.

Construing the complaint most favorably to the plaintiffs, the court finds that the alleged facts upon which plaintiffs base the claim against defendant Anderson are as follows:

(1) Upon the filing of the complaint in *Champion Building Products v. International Woodworkers of America, AFL–CIO, et al.,* No. A–7028 (Ch.Ct. Lafayette County, Miss., Sept. 14, 1977), which asked the court to issue a temporary injunction, and after consideration of that request, defendant Anderson issued a temporary injunction.

(2) Upon the filing of a petition for citation of contempt and after consideration of that petition, defendant Anderson issued a show-cause order directing the defendants in *Champion Building Products v. International Woodworkers of America, AFL–CIO, et al.,* No. A–7028 (Ch.Ct. Lafayette County, Miss., Sept. 19, 1977) to appear on September 23, 1977, to show cause why they should not be held in contempt for disobeying the temporary injunction.

(3) On September 23, 1977, defendant Anderson held the show-cause hearing, found no one to be in contempt but again ordered defendants to obey the temporary injunction.

Plaintiffs allege that through these acts, defendant Anderson, acting alone or in consort with other defendants, deprived or conspired to deprive plaintiffs of their constitutionally protected right to participate in the strike-related activities.

[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. . . the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." [*Bradley v. Fisher,* 13 Wall 355, 351, 20 L.Ed. 646 (1872)].

*Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05 55 L.Ed.2d 331, 339 (1978).

The complaint in *Champion Building Products v. International Woodworkers of America, AFL–CIO, et al.,* No. A–7028 (Ch.Ct. Lafayette County, Miss., Sept. 14, 1977) alleged that the defendants, who included the plaintiffs in this action, violated the no-strike provision and the grievance provisions of the collective bargaining agreement by participating in a strike against Champion. The complaint asked the court for injunctive relief, including the issuance of a temporary injunction, and for damages.

■ A state court, such as the Chancery Court of Lafayette County, Mississippi, has concurrent jurisdiction with the federal courts over a suit alleging violation of a collective bargaining agreement, *Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *See* Miss.Const. Art. 6, § 159; Miss.Code Ann. § 9–5–81 (1972); it may grant injunctive relief in such cases, *see Boys Markets, Inc. v. Retail Clerks Union,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970); and it has authority to punish parties disobeying an injunction issued by the court. Miss.Code Ann. § 9–5–87 (1972). Since the actions by defendant Anderson were not taken "in the clear absence of all

jurisdiction", the court finds that he is immune from liability and should be dismissed from this action.

## III. Status of the Action.

### A. Parties.

█ The following 11 persons were named as plaintiffs in the complaint:

| | |
|---|---|
| Olin B. Booker | Don Frazier |
| Henry Smith | Edward Ray Frazier |
| Levon Hervey | Hughie James |
| Henry Henderson, Jr. | Franklin Stricklin |
| David A. Owens | Joel Chrestman |
| George F. Stricklin | |

The plaintiffs brought this action on their own behalf and sought to bring it as a class action. The court denied class certification. Memorandum at Part VIII.

Plaintiffs Edward Ray Frazier and Don Frazier requested to be excluded from the action and were dismissed without prejudice. Memorandum, Part I, at 2, n. 2. Although the court has been informally informed by the Union Defendants of the death of plaintiff Levon Hervey, none of the parties have taken action to have the proper party substituted or to have the deceased party dismissed. Fed.R.Civ.P. 25(a).

The court ordered plaintiffs George F. Stricklin and Joel Chrestman to sign under oath, prior to February 6, 1979, responses they made to discovery propounded by the Union Defendants. Memorandum, Part VI at 25 and ¶ 7 of January 22, 1979 order. The court also ordered plaintiffs Henry Smith, Henry Henderson, Jr., Franklin Stricklin and Hughie James to respond, prior to February 6, 1979, to discovery propounded by Union Defendants. Memorandum, Part VI at 24 and ¶ 8 of January 22, 1979, order. From the court's examination of the file, these plaintiffs have not complied with the court's order. Although the Union Defendants have not filed a motion for sanctions under Fed.R.Civ.P. 37, the court believes that it has the authority to sua sponte deal with plaintiffs' noncompliance with the court's order.

In the absence of any explanation by plaintiffs' counsel as to why these plaintiffs have not complied with the court's order, See Memorandum at 23–25, the court finds that the plaintiffs' failure to comply is not a result of inability, but is due to their wilfull disregard of the court's order. The court also believes that the failure to comply with the court's order indicates that these plaintiffs have lost interest in and have abandoned the prosecution of this action. The court will order their dismissal pursuant to Fed.R.Civ.P. 37(b) and for failure to prosecute.

### B. Claims

As noted above, plaintiffs cited numerous statutory and constitutional provisions in the complaint, presumably for the purpose of asserting a cause of action against one or more of the defendants. The claims made under 29 U.S.C. § 158, and the claim that the defendants have not fairly and adequately represented all of the members of the bargaining unit have been dismissed. Memorandum, Part III–B and ¶ 3 of January 22, 1979, order. The court today dismisses plaintiffs' "civil rights" claim, i. e., those claims asserted under the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983, 1985, because it is moot.

The following statutory provisions which were cited in the complaint, presumably for the purpose of alleging a cause of action against one or more of the defendants, remain before the court:

Title II, III and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a–2000a–6, §§ 2000b–2000b–3, §§ 2000e–2000e–17

Title I of the Civil Rights Act of 1968, 18 U.S.C. § 245(b)

42 U.S.C. §§ 1981, 1982, 1988

U.S.Const. amends. IV, V, IX, X, XIII

Although no motions addressing these claims have been filed, the court will sua sponte examine each statute to determine if the court has jurisdiction or if a claim is stated.

Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a–2000a–6 prohibits discrimination or segregation on the basis of race,

color, religion, or natural origin in places of public accommodation. Although this court does have jurisdiction over civil actions instituted under this provision, 42 U.S.C. § 2000a–6, the court finds that the complaint does not allege a claim.

Title III of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000b–2000b–3 authorizes the Attorney General of the United States in certain circumstances to bring an action on behalf of a person claiming that

> he is being deprived of or threatened with the loss of his right to equal protection of the laws, on account of his race, color, religion, or national origin, by being denied equal utilization of any public facility which is owned, operated, or managed by or on behalf of any State or subdivision thereof . . ..

The court finds that plaintiffs' claim under this provision should be denied, first, because it authorizes an action by the Attorney General, not private plaintiffs, and second, because the complaint does not allege such a claim of discrimination.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 provides that it is unlawful for an employer to discriminate in employment practices on the basis of race, color, religion, sex or national origin. The complaint does not allege a violation of this provision.

18 U.S.C. § 245(b) establishes certain criminal penalties for persons who "by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimate or interfere with" certain activities listed therein. The court finds that plaintiffs' claim under this statute should be dismissed because it does not provide a cause of action for a private plaintiff, but even if it did, the complaint does not allege such a claim.

Since the complaint does not allege that defendants have discriminated against plaintiffs on the basis of race and does not allege any violation of plaintiffs' civil rights, other than those allegations which were included in the "civil rights" claim held today to be moot, the court finds that any claim that defendants violated, 42 U.S.C. §§ 1981, 1982, 1988, should be dismissed.

Finally, the court has examined the Fourth, Fifth, Ninth, Tenth and Thirteenth Amendments to the Constitution of the United States, and assuming, without deciding, that a private cause of action exists under each of these amendments, the court finds that the complaint does not allege such a claim.

The court will enter an appropriate order.