In re **AMERICAN COMMERCIAL LINES, INC., Owner and Inland Tugs Co., Owner, pro hac vice of the BARGE CHEM-104 in an action for exoneration from and/or limitation of liability.**

**AMERICAN COMMERCIAL BARGE LINE COMPANY, Appellant,**

v.

**MONSANTO COMPANY, Appellee.**

No. 84–2096.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1985.

Decided Dec. 31, 1985.

Michael D. O'Keefe, St. Louis, Mo., for appellant.

Louis F. Bonacorsi, St. Louis, Mo., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

American Commercial Barge Line appeals from a final judgment entered in the District Court for the Eastern District of Missouri holding in part that it was obligated to assume appellee Monsanto Co.'s liability to third parties arising from a barge accident. *American Commercial Lines, Inc. v. United States,* 590 F.Supp. 816 (E.D.Mo.1984). For reversal, appellant argues (1) there was no actual controversy between the parties under the Declaratory Judgment Act, 28 U.S.C. § 2201, so as to confer subject matter jurisdiction on the district court, (2) the district court erred in its interpretation of the parties' agreement, and (3) appellee is precluded as a matter of law from obtaining indemnity. For the reasons discussed below, we reverse and remand the case with directions to dismiss.

On March 4, 1981, a barge in tow on the Missisippi River became grounded and part of its cargo of liquid styrene was released. The styrene, owned by appellee, was being transported under a contract of carriage made between appellant and appellee. The contract originally provided that appellee would pay "any damages, expenses, costs, liability or other expenses of [appellant] (or its affiliates) to any third party, arising from any discharge of its cargo into navigable waters." In a series of communications beginning on April 24, 1981, the parties discussed modifying this agreement in regard to legal liability for the March 4 barge accident.

Subsequently, appellant brought this action in accordance with the Limitation of Liability Act, 46 U.S.C. §§ 181–196, seeking exoneration from or limitation of its liability for damages arising from the grounding of the barge.[1] Three claimants responded. Gerald Fox filed a claim against appellee and appellant for injuries he allegedly received as a result of exposure to styrene vapors. The United States filed a claim for indemnity for damages that it might be required to pay as a result of the incident. Appellee brought two counterclaims. The first claim was for a declaratory judgment in its favor that would require appellant to indemnify it for any liability and expenses

[1.] Appellant also sought to recover damages to the barge caused by the alleged negligence of the United States in maintaining the river and for a declaratory judgment against the United States for indemnity for liability and expenses incurred in defending claims of third parties. The district court directed a verdict for the United States on these claims and appellant has not appealed that decision.

it incurred while defending claims of third parties. Appellee also sought contribution or indemnification for all damages and expenses, including attorneys' fees, for which it might be held liable to Fox. The claims of the United States were dismissed. Fox dismissed his claim against appellee. Consequently, appellee dismissed its claim for contribution or indemnification but retained its declaratory judgment claim. The district court found appellant (1) liable to Fox for injuries he suffered;[2] (2) entitled to the protection of the Limitation of Liability Act; and (3) obligated to appellee to assume its liability to third parties not subject to statutory limitation. 590 F.Supp. at 824–26.

On appeal, appellant argues that the district court lacked subject matter jurisdiction to decide appellee's declaratory judgment claim. We agree. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, an "actual controversy" must exist between the parties at the time of trial. *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969); *Caldwell v. Gurley Refining Co.*, 755 F.2d 645, 649–50 (8th Cir.1985). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). In this case, there is no immediate controversy between the parties because it is not certain appellee will ever have to pay any judgment arising from the barge accident. Fox's claim, the one claim filed against appellee, was dismissed. Moreover, appellee did not present any evidence to indicate that other claims were likely to arise. Absent any claims being made or a substantial probability that such claims will be made, the requisite controversy is lacking under the Declaratory Judgment Act.

Appellee maintains that a controversy exists concerning legal fees and other expenses it incurred in preparing for its defense of the claim brought against it by Fox. However, this argument does not persuade us to affirm the district court. It is not at all clear that a claim for attorneys' fees was made before the district court. Appellee's specific claim for attorneys' fees relating to the Fox case was withdrawn. Its claim for declaratory judgment asks for a ruling regarding "damages and expenses." Expenses do not necessarily include attorneys' fees. Moreover, the district court's judgment did not resolve any controversy regarding fees or expenses. The judgment only decided appellee's right to be indemnified for damages it must pay as a result of the accident.

Therefore, we vacate that portion of the district court's judgment granting appellee's claim under the Declaratory Judgment Act and remand the case with instructions to dismiss. Dismissal should be made, however, without prejudice to any subsequent claim of attorneys' fees.

---

**2.** Fox's appeal from this portion of the order was dismissed by joint stipulation.