101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John P. BIGDA, Plaintiff-Counter-Defendant-Appellant,
v.
FISCHBACH CORPORATION, Defendant-Counter-Claimaint-Appellee.
 No. 95-7682.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 1
 Appeal from the United States District Court for the Southern District of New York (Carter, Judge).
 
 
 2
 Appearing for Appellant: Jeffrey C. Slade, Leventhal Slade & Krantz, New York, New York.
 
 
 3
 Appearing for Appellee:Ellen M. Martin, Patterson, Belknap, Webb & Tyler, New York, New York.
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 7
 On consideration whereof, it is hereby ordered, adjudged and decrred that the judgment of the District Court is hereby affirmed.
 
 
 8
 John Bigda appeals from Judge Carter's various decisions denying Bigda's claims against Fischbach Corporation.
 
 
 9
 With regard to Bigda's claims pursuant to his 1985 employment agreement with Fischbach, we affirm for substantially the reasons stated in Judge Carter's opinion dated June 8, 1995. See Bigda v. Fischbach Corporation, 92-Civ-2226 (RLC), slip op. at 13-21 (S.D.N.Y. June 8, 1995).
 
 
 10
 Bigda's claim seeking a declaratory judgment with regard to the validity of forfeiture provisions in a "top hat" plan for Fischbach executives is not ripe for resolution. The employment contract states that Bigda's benefits are subject to forfeiture if he accepts competitive employment. Bigda's counsel stated that Bigda has not sought competitive employment since leaving Fischbach. Thus, no justiciable issue has been presented, and we dismiss this claim for lack of ripeness. See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (There must be "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.")
 
 
 11
 We have examined Bigda's remaining claims and find them to be meritless.
 
 
 12
 Affirmed.