Nos. 95-1309 & 95-1338

Gopher Oil Co., a Minnesota       *
corporation,                      *
                                  *
          Plaintiff-Appellant/    *
          Cross Appellee,         *   Appeals from the United States
                                  *   District Court for the
     v.                           *   District of Minnesota.
                                  *
Roger E. Bunker, Personal         *
Representative of the Estate      *
of Germaine S. Romness,           *
                                  *
          Defendant-Appellee/     *
          Cross Appellant.        *


_____

Submitted:  November 13, 1995

Filed:  May 29, 1996
_____

Before HANSEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.
_____


HANSEN, Circuit Judge.


     Gopher Oil brought this declaratory judgment action seeking a
declaration that the Germaine Romness estate (the estate) is liable for a
release of hazardous substances to the extent of Gopher Oil's liability
under the Comprehensive Environmental Response, Compensation, and Liability
Act of 1980 (CERCLA), as amended, 42 U.S.C. §§ 9601-9675; the Minnesota
Environmental Response and Liability Act (MERLA), Minn. Stat. Ann. §§
115B.01-115B.24 (West 1987 & Supp. 1994-95); and Minnesota common law
principles of tort and contract.  The district court granted the estate's
motion to dismiss for lack of subject matter jurisdiction, concluding that

the claims were not yet ripe. We affirm in part and reverse and remand in part.

## I. BACKGROUND

The United States Environmental Protection Agency (EPA) determined that a release of hazardous substances occurred at a dump site in Brooklyn Park, Minnesota, and expended response costs of over $1,373,000 to clean up the area. As authorized by CERCLA, in January 1994, the EPA demanded reimbursement for the entire cost of the cleanup from each of ten potentially responsible parties (PRPs), a list including Gopher Oil but not the defendant in this suit. A representative of the EPA informed Gopher Oil that the EPA anticipated referring this matter to the Department of Justice and expected a CERCLA suit to be brought during the first quarter of 1995.

Gopher Oil brought this declaratory judgment suit in September 1994, seeking a declaration that the now-deceased owner of a predecessor corporation actually caused the release and that the deceased owner's estate is liable for the sum demanded by the EPA. Specifically, Gopher Oil's complaint asserts that when the release occurred in the 1960's, the Brooklyn Park dump site was owned and operated by a corporation known as Gopher State Oil, whose sole shareholders were Charles and Germaine Romness. In 1973, Bame Oil acquired Gopher State from the Romnesses through a stock acquisition. As part of the stock transfer, the Romnesses agreed to indemnify Bame with respect to any of Gopher State's liabilities existing at closing. Shortly thereafter, Bame Oil distributed Gopher State's assets to itself, assuming all liabilities, known or unknown. Bame Oil then changed its own name to Gopher Oil.

Gopher State's owners, the Romnesses, have both died. The Germaine Romness estate remains open, however, pending this litigation which follows the litigation of a third-party complaint

by Gopher Oil against the estate in state court. The state court litigation involved a dump site near Stillwater, Minnesota, which was owned by third parties who alleged that Gopher State Oil deposited waste oil sludge on the site. The third-party owners and operators of the dumpsite obtained a ruling that Gopher Oil is liable as a successor corporation for the acts of Gopher State. See State v. Gopher Oil Co., Nos. C1-95-738 & C2-95-733, 1995 WL 687688 (Minn. Ct. App. Nov. 21, 1995) (unpublished). In the same litigation, Gopher Oil brought a third-party complaint against the Romness estate, which the state district court dismissed due to limitation periods set forth in the probate code. The Minnesota Court of Appeals affirmed the dismissal of the third-party complaint on a different ground, concluding that the Rommnesses' agreement to indemnify Gopher Oil did not contemplate liability under later-enacted environmental statutes, thus precluding Gopher Oil's indemnification claim. See State v. Gopher Oil Co., No. C8-94-225, 1994 WL 328631 (Minn. Ct. App. July 12, 1994) (unpublished). The Minnesota Supreme Court denied further review.

After the state trial court had dismissed Gopher Oil's third-party complaint in the Stillwater dump site litigation on the basis of probate limitations, Gopher Oil brought the present federal declaratory judgment action against the estate relating to the Brooklyn Park dump site.[1] Count one of this suit alleges that the estate is a responsible party under CERCLA to the extent of Gopher Oil's CERCLA liability, and count two sets forth the same claim under MERLA. Count three seeks a declaration that the estate has primary tort liability to the extent of Gopher Oil's liability to

---

[1]Gopher Oil sought here to avoid the probate limitations problems encountered in the Stillwater dump site litigation by filing a timely probate claim within four months of receiving the EPA's demand letter, in accordance with Minn. Stat. § 524.3-803, and filing this declaratory judgment action within 60 days of the estate's disallowance of the claim, in accordance with Minn. Stat. § 524.3-806(a).

the EPA or any other party because the Romnesses were the active owners at the time of the release.  Count four alleges that

4

Gopher Oil is entitled to indemnity based upon the indemnity agreement executed by the Romnesses in the 1970's when Bame Oil acquired Gopher State. Thus, this declaratory judgment action involves the same parties, the same indemnification agreement, and most of the same claims as the third-party complaint in the Stillwater dump site litigation.

The district court granted the estate's motion to dismiss all four counts for lack of subject matter jurisdiction, concluding that the claims were not ripe because there was no actual controversy. Specifically, the court stated as follows:

> It is apparently clear that the plaintiff did receive the letter almost a full year ago which warned it that it would be a potentially liable party. The plaintiff then commenced this suit in expectation that it would be named a defendant based on approximately ten months later a telephone call warning it again. In order to bring its claims in this court, however, the plaintiff must allege an actual controversy.
>
> The mere possibility of being named a defendant as responsible party does not constitute the actual controversy which is required. This Court recognizes that the EPA, and the United States on its behalf, for any number of reasons, may well and yet decline to sue Gopher Oil, or they may select yet another among the ten, or others beyond those listed as potential defendants. They may also defer simply on the fact that this case is too small or any one of a number of reasons, which they seem to be able to come up with at a moment's notice and somehow the cases do not get sued. In the event they are to be sued, those are another issue, but this Court at this time cannot find the requisite immediacy, and in this Court's view there is little hardship to the plaintiff in withholding the Court's consideration.

(Tr. on Def.'s Mot. to Dismiss, Appellant's Addend. at 26-27.)

During the hearing, the district court also alternatively granted partial summary judgment to the estate on the ground that the doctrine of collateral estoppel bars the MERLA claim, the tort

5

claim, and the indemnity claim due to the prior state court litigation. However, the district court explicitly declined to rule alternatively on the CERCLA claim, which was not litigated in the Minnesota state court suit.

Gopher Oil appeals the dismissal of its complaint for lack of jurisdiction. The estate cross appeals, arguing that the complaint also should have been dismissed because Gopher Oil's assumption of Gopher State's liabilities bars the claims and the complaint fails to state a cause of action under CERCLA, MERLA, or principles of contractual indemnity. At oral argument before this court, the parties disclosed that Gopher Oil had entered into a tolling agreement with the Department of Justice to facilitate discussions and possible settlement of the government's demand for reimbursement. The agreement states that "the United States may terminate settlement negotiations and commence suit at any time." (Tolling Agreement at 3.) More recently, we received notice that on March 25, 1996, the government filed a CERCLA cost-recovery suit against Gopher Oil and four other potentially responsible parties, but not including the Romness estate.

## II.  DISCUSSION

We review de novo a dismissal for lack of subject matter jurisdiction. Christopher Lake Dev. Co. v. St. Louis County, 35 F.3d 1269, 1273 (8th Cir. 1994). The Declaratory Judgment Act provides that when an "actual controversy" exists, any federal court may declare the rights and other legal relations of any interested party. 28 U.S.C. § 2201. Thus, to seek a declaratory judgment, the plaintiff's claim must be ripe. The doctrine of ripeness is basically a matter of timing, which requires (1) "a sufficiently concrete case or controversy within the meaning of Article III of the Constitution," and also, (2) "prudential considerations must justify the present exercise of judicial power." Christopher Lake Dev. Co., 35 F.3d at 1272-73. In other

6

words, to satisfy the actual controversy requirement of the Declaratory Judgment Act, there must exist "`a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Caldwell v. Gurley Refining Co., 755 F.2d 645, 649 (8th Cir. 1985) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)) (other citation omitted). "A live dispute must exist between the parties at the time of the court's hearing." Id. at 650.

The district court concluded that the government's threat of suit in this case was too speculative to create an actual controversy between Gopher Oil and the estate and that withholding a decision at this time would result in little hardship to Gopher Oil. We agree with the district court's assessment that the MERLA and the tort liability claims (counts II and III) are not ripe for declaratory judgment because no actual controversy exists. No facts indicate an immediate threat of either MERLA or tort liability. The district court properly dismissed these claims for lack of subject matter jurisdiction.

Given the latest developments in this case, however, we disagree with the district court's assessment that the CERCLA and contractual indemnity claims (counts I and IV) are not ripe. The complaint seeks a declaration that the prior owners caused the release of hazardous substances and are liable to the EPA to the extent of Gopher Oil's existing liability. The estate argued that there was no actual controversy because Gopher Oil had not itself incurred response costs and the government had not yet brought a cost-recovery action against Gopher Oil. This argument is no longer valid.

The terms of CERCLA governing the timing of review prohibit judicial review of challenges to remedial action of the EPA until after the EPA has filed an action to recover response costs. 42

7

U.S.C. § 9613(h)(1).  See also Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380, 1389 (5th Cir. 1989) ("until the government initiates a cost-recovery action, a potential responsible party cannot obtain judicial review of the agency action") (internal quotations omitted).  Because the EPA now has initiated a cost-recovery action pursuant to 42 U.S.C. § 9607, this suit to determine liability between Gopher Oil and the estate is ripe for adjudication.  While ripe, we leave to the district court to determine whether CERCLA's objective of avoiding piecemeal litigation would be best served if the subject matter of this declaratory judgment action were in some way or manner determined in conjunction with the government's cost-recovery action.  See Voluntary Purchasing Groups, 889 F.2d at 1390 (noting that one of CERCLA's objectives is to avoid piecemeal litigation).

Accordingly, while the district court may not have had subject matter jurisdiction at the time of the hearing, the present posture of the case presents a ripe CERCLA claim.  We recognize that significant problems may exist concerning the sufficiency of the CERCLA claim, as suggested in the estate's cross appeal.  Nevertheless, given our conclusion that this claim is now ripe, we express no opinion on the issues raised in the cross appeal, leaving them instead to be considered in the first instance by the district court with a view toward avoiding piecemeal litigation.

We next consider the indemnity claim.  Gopher Oil seeks indemnity from the Romness estate on the basis of the 1973 contractual indemnity agreement that the Romnesses signed when Bame Oil purchased Gopher State. "[T]he question of CERCLA liability and the interpretation of any indemnification agreement among the parties liable for the clean-up are inextricably related."  GNB Battery Tech., Inc., v. Gould, Inc., 65 F.3d 615, 621 (7th Cir. 1995).  We conclude that the contractual indemnity claim, like the CERCLA claim, is ripe.  As a result, we must consider the district

8

court's alternative grant of summary judgment on the indemnity claim.

The district court held that the doctrine of collateral estoppel prohibits the relitigation of the indemnity claim because the state court judgment determined the claim adversely to Gopher Oil. Gopher Oil contends that collateral estoppel does not apply because the state court considered contractual indemnity only in the context of MERLA liability, not CERCLA liability.

We review a grant of summary judgment de novo, applying the same standard as the district court. See Shannon v. Ford Motor Co., 72 F.3d 678, 681 (8th Cir. 1996). Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We accord full faith and credit to state court judgments, giving them the same preclusive effect in federal court as they would have in state court. See 28 U.S.C. § 1738; see also Teleconnect Co. v. Ensrud, 55 F.3d 357, 361 (8th Cir. 1995). Accordingly, we look to the law of Minnesota to determine the preclusive effect of the state court third-party complaint.

In Minnesota, collateral estoppel, or issue preclusion, "applies where (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." Johnson v. Consolidated Freightways, Inc., 420 N.W.2d 608, 613 (Minn. 1988). Collateral estoppel is a flexible doctrine in Minnesota which allows consideration of "whether its application would work an injustice on the party against whom estoppel is urged." Id. at 613-14.

The Minnesota Court of Appeals addressed the merits of Gopher Oil's claim that it is entitled to indemnity from the estate for liability under environmental laws. The court of appeals affirmed the state trial court's dismissal of Gopher Oil's indemnity claim, holding as follows:

> The liabilities at issue in this case arise under environmental laws enacted ten years after the agreement was executed. They were neither contemplated by the parties nor covered by the agreement. The qualifying phrase "existing at closing" clearly limits Gopher State's liability.

State v. Gopher Oil Co., No. C8-94-225, slip op. at 3 (Minn. Ct. App. July 12, 1994) (App. A-128). Gopher Oil correctly asserts that the Minnesota Court of Appeals was referring to Minnesota's environmental laws (MERLA), not CERCLA, when it determined that the environmental liabilities at issue were not contemplated by the indemnity agreement. Although CERCLA liability was not raised in the state court proceedings, we conclude that the state court's interpretation of the indemnity agreement applies with equal force to CERCLA liability. The court of appeals specifically determined that the language of the indemnity agreement limits Gopher State's (and thus the estate's) liability by the phrase, liabilities "existing at closing." The state court held that this limiting phrase precludes liability under later enacted environmental laws such as MERLA, enacted ten years after the agreement. Likewise, this determination necessarily dictates that the phrase, "existing at closing," also precludes liability under the environmental laws of CERCLA, enacted seven years after the agreement.

The intent of the indemnity agreement with regard to later enacted environmental laws is the identical issue that was fully litigated by Gopher Oil in the state court third-party complaint, and the issue was finally determined on its merits adversely to Gopher Oil. Thus, the district court correctly granted summary

10

judgment on the ground that collateral estoppel bars relitigation of the indemnity issue.

## III.  CONCLUSION

Accordingly, we affirm the district court's dismissal of the MERLA and tort claims for lack of jurisdiction, and we affirm the district court's grant of summary judgment on the indemnity agreement claim.  We reverse the dismissal of the CERCLA claim in light of the recently filed government cost-recovery suit and remand it for further consideration, without expressing any views on the merits or sufficiency of the CERCLA claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

11