# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2619

_____

| | | |
|---|---|---|
| Chinyere Jenkins, by her next friend, Joi Jenkins; Nicholas Paul Winchester-Rabelier, by his next friend, Paula Winchester; Margo Vaughn-Bey, by her next friend, Franklin Vaughn-Bey; Nicholas C. Light, by his next friend, Marian Light; Stephon D. Jackson, by his next friend, B. J. Jones; Travis N. Peter, by his next friend, Debora Chadd-Peter; Leland Guess, by his next friend, Sharon Guess; | * * * * * * * * * * * | |
| Plaintiffs - Appellees | * * | Appeal from the United States District Court for the Western District of Missouri. |
| American Federation of Teachers, Local 691, | * * | |
| Intervenor | * * * | |
| v. | * * | |
| State of Missouri; Mel Carnahan, Governor of the State of Missouri; Bob Holden, Treasurer of the State of Missouri; Missouri  State Board of Education; Peter Hershend, Member of the Missouri State Board of Education; Thomas  R. Davis, Member of the Missouri State Board of  Education; Robert E. Bartman, Commissioner of | * * * * * * * * | |

Education of the State of Missouri;            *
Gary D. Cunningham, Member of the             *
Missouri State  Board of Education;           *
Rice Pete Burns, Member of the                *
Missouri State Board of Education;            *
Sharon M. Williams, Member of the             *
Missouri State Board of Education;            *
Betty Preston, Member of the Missouri         *
State Board of Education; Jacquelline         *
Wellington, Member of the Missouri            *
State Board of Education; Russell             *
Thompson, Member of the Missouri              *
State Board of Education;                      *
                                               *
        Defendants - Appellees                 *
                                               *
School District of Kansas City; Terry          *
M. Riley, Member of the Board of               *
Directors; Lance Loewenstein, Member           *
of the Board of Directors; Marilyn             *
Simmons, Member of the Board of                *
Directors; Sandy Aguire Mayer,                 *
Member of the  Board of Directors;             *
John A. Rios, Member of the Board of           *
Directors; Darwin Curls, Member of             *
the Board of  Directors, Patricia Kurtz,       *
Member of   the Board of Directors;            *
Edward J. Newsome, Member of the               *
Board of Directors; Henry D. Williams,         *
Superintendent; John W. Still, Member          *
of the Board of  Directors,                    *
                                               *
        Defendants - Appellants.               *

_____

Submitted:  January 14, 1998
Filed:  October 19, 1998
_____

Before McMILLIAN, HEANEY, and JOHN R. GIBSON, Circuit Judges.
_____

JOHN R. GIBSON, Circuit Judge.

The Kansas City, Missouri School District appeals from an order of the district court of March 25, 1997, and particularly two statements in the opinion, one that it was not the court's duty to insure funding for the KCMSD, and one denying that there was a financial vestige that must be remedied.  The funding problems that are of particular concern to the KCMSD have been resolved by a state constitutional amendment authorizing the board to set the levy at $4.95.  See H.J.R. No. 9, 89th General Assembly (Mo. 1997) (approved by the voters April 7, 1998) (amending Mo. Const. Art. 10 § 11(g) to permit school boards whose operating levy for 1995 was set by court order to set subsequent tax rates at any level lower than the 1995 rate (which was $4.96 for the KCMSD) without voter approval).  The uncertainty over the availability of these funds seems to generate KCMSD's primary argument.  The second concern is that a second piece of legislation which could provide additional funding for the district, Senate Bill 781, is contingent on final settlement of the St. Louis desegregation case on or before March 15, 1999.  The KCMSD states that this issue is not yet ripe and suggests holding it in abeyance until the contingency has been resolved.  We believe our best course is to dismiss the appeal.

The district court's order of March 25, 1997, approved a settlement agreement between the KCMSD and the State of Missouri, and denied the State's claim that the district was unitary.  Jenkins v. Missouri, 959 F. Supp. 1151 (W.D. Mo. 1997).  We affirmed in Jenkins v. Missouri, 122 F.3d 588 (8th Cir. 1997) (Jenkins XIV).  The

district court's decision was a lengthy one and made a detailed review of the long history of this litigation. The district court denied that there was a financial vestige as such and stated further that it was not the court's duty to insure funding for the KCMSD. 959 F. Supp. at 1169.

A number of issues that have been raised by the parties make some response desirable, however. We must first say that when an issue is raised by the KCMSD that points to two specific statements in the district court's opinion, both of which are made in the court's chain of reasoning for an ultimate holding, we are inclined to view such arguments as essentially asking for an advisory opinion, and in the context of the statements made in this case, comments on our earlier decisions. We need not restate that which was plainly enunciated in Jenkins v. Missouri, 855 F.2d 1296 (8th Cir. 1989) (Jenkins II), aff'd in part and rev'd in part, 495 U.S. 33 (1990). We think it suffices to say that our decisions heretofore have been clear as to identification of the vestiges of the segregated school system, and we need refer only to Jenkins II, 855 F.2d at 1305. The answers to the questions raised by the KCMSD can be found in those decisions and we need not repeat what has been said before.

It should be further stated, as is so evident, that while a settlement has been reached between KCMSD and the State of Missouri that will ultimately, if all conditions are satisfied, result in a final order that the district is unitary with respect to claims asserted against the State, there is no issue before the court as to whether the district is unitary with respect to the claims asserted against it by the Jenkins class. The KCMSD and the Jenkins class remain subject to the orders of the district court and this court until there has been a final determination that the district is unitary. Any determination that the district is unitary must, of course, be made in accordance with those standards we recognized in Jenkins XIV, 122 F.3d at 595-97, and the teachings of the Supreme Court we discussed in that opinion. Until that time, when ripe issues are raised that affect the concerns of the KCMSD or the Jenkins Class with respect to

future funding issues, they may be presented to the district court in the first instance, and any aggrieved party may appeal from any order of that court.

The essence of the KCMSD's argument is that it is on the brink of a funding crisis because it is uncertain whether it will have sufficient funds to retire the bonds issued to fund the school construction projects ordered in this case. After this appeal was argued, the voters of Missouri by referendum adopted a constitutional amendment that allows the board of the KCMSD to set the tax rate at an amount up to $4.95 for $100 assessed valuation. See H.J.R. No. 9. It is now evident that KCMSD can raise funds to retire the bonds. The only contingency would be that the KCMSD board would fail or refuse to vote such levies, which is strictly hypothetical on the record before us. We believe that the KCMSD is asking for an advisory opinion concerning its predicament should certain facts come about. This is a thicket we should not enter. See Preiser v. NewKirk, 422 U.S. 395, 401-03 (1975) (court lacks power to render advisory opinion); Gopher Oil Co. v. Bunker, 84 F. 3d 1047, 1050-51 (8th Cir. 1996) (ripeness requires a live dispute, not speculative threat).

The documents authorizing the issuance of the bonds have declared the intention to satisfy the obligation to make payments out of the "increase in the property tax levy of $1.95 per $100 assessed valuation." This was a portion of the additional property taxes that were made possible through the procedure suggested by this court and approved by the Supreme Court, namely that the school board was authorized to set a levy necessary to fund the operation of the school district, including the desegregation funding; insofar as state laws would interfere with the adoption of said levy, the district court could enter injunctive orders to set aside the enforcement of such state laws or constitutional provisions. See Jenkins II, 855 F.2d at 1314, aff'd in relevant part, 495 U.S. 33 (1990). The new constitutional amendment now gives the KCMSD board authority to maintain that part of its levy which has heretofore been devoted to retire its indebtedness.

Should the KCMSD fail to provide sufficient funding to cover retirement of the bonds or other obligations, the aggrieved parties can seek appropriate relief. Should efforts be made to declare the district unitary before retirement of the obligations for the new construction, the issue can appropriately be determined at that time. Should this issue arise, there will be time enough to bring it before this court.

New legislation enacted after argument on this appeal, S. Bill No. 781, 89th General Assembly (Mo. 1998) (enacted), is expected to result in significant additional revenues to the KCMSD. As the parties make clear, this legislation is contingent upon settlement of the St. Louis school desegregation on or before March 15, 1999. If the funds are available, KCMSD's financial concerns will be greatly alleviated. KCMSD agrees that any issue concerning this additional funding is not yet ripe for review insofar as various hypothetical occurrences arise from the arguments of the parties. If the issue requires resolution in the future, it may be addressed on the record then before us.

Accordingly, the appeal is dismissed with the clear proviso that if some of the contingencies argued by the parties come to pass the issues may be raised when they are ripe and require a decision.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-