# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CITIZENS FOR HONESTY AND
INTEGRITY IN REGIONAL PLANNING,
          *Plaintiff,*

     and

KARL J. TURECEK,
          *Plaintiff-Appellant,*

     v.

COUNTY OF SAN DIEGO,
          *Defendant-Appellee.*

No. 03-55830

D.C. No.
CV-02-01855-RMB

ORDER

Appeal from the United States District Court
for the Southern District of California
Rudi M. Brewster, District Judge, Presiding

Argued and Submitted
February 10, 2005—Pasadena, California

Filed February 25, 2005

Before: Alfred T. Goodwin, Frank J. Magill,* and
Pamela Ann Rymer, Circuit Judges.

---

## COUNSEL

Scott Zarin, San Francisco, California, for the plaintiff-
appellant.

---

*The Honorable Frank J. Magill, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

C. Ellen Pilsecker, Senior Deputy, County of San Diego, San Diego, California, for defendant-appellee.

## ORDER

The appeal is dismissed for want of jurisdiction. The district court record reveals that there was no case or controversy between Karl A. Turecek ("Turecek") and the County of San Diego ("the County") when the pleadings were before the district court. The judgment of the district court, styled *Citizens for Honesty and Integrity in Regional Planning v. County of San Diego* and reported at 258 F. Supp. 2d 1132 (S.D. Cal. 2003), must be vacated because no basis for federal jurisdiction existed.

Turecek seeks a declaratory judgment that the definition of "wetlands" employed by the local county Resource Protection Ordinance ("RPO") is preempted by the federal definition of "wetlands" contained in the "Swampbuster" section of the Food Security Act. RPO Art. II(16); 16 U.S.C. § 3801(a)(18). The district court did not have jurisdiction to consider the preemption question. First, there is no evidence in the record that the County's decision to deny Turecek's land use permit application was grounded in its refusal to follow the narrower federal definition of wetlands rather than the broader local definition of wetlands. Second, there is no threat of prosecution, imminent or otherwise, or evidence that the County intends to employ the local definition against Turecek. *See generally Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Mere possibility of future local regulatory action challenged as unconstitutional or in conflict with federal law is not sufficient for declaratory judgment jurisdiction. *Public Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237 (1952); *Rincon Band of Mission Indians v. San Diego County*, 495 F.2d 1 (9th Cir. 1974); *Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267 (9th Cir. 1982). Third, there is nothing

to suggest that even if a new permit application were pending, the wetlands definition would determine the success of that application. A declaratory judgment plaintiff may not "carve[ ] out" of the potential controversy a single federal question whose answer will be declared by the federal courts ahead of time. *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998).

DISMISSED and REMANDED with instructions to VACATE the judgment.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.