NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELECTRIC INSURANCE COMPANY, | No. 15-15314 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-01395-GMS |
| v. | |
| MICHAEL LEE CRANE, husband and CRANE, Unknown, named as: Jane Doe Crane/ wife, | MEMORANDUM* |
| Defendants, | |
| and | |
| JESSICA GAUDET, individually and as surviving beneficiary of: deceased Bruce Gaudet; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 6, 2017**
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, SACK,*** and MURGUIA, Circuit Judges.

This appeal arises from an insurance dispute. Michael Crane lived for a time with his grandmother at her home in Phoenix, Arizona. Crane's grandmother had a homeowner's insurance policy with Electric Insurance Company (Electric) that covered residents of her household. On January 26, 2012, more than a month after he left his grandmother's home permanently, Crane allegedly killed Bruce Gaudet elsewhere in Phoenix. Electric's potential obligations to defend or indemnify Crane depended on whether Crane was a resident of McAllister's household on January 26. Electric did not defend or indemnify Crane, or settle with Gaudet's beneficiaries (the Gaudets). Electric sued for declaratory relief, seeking to establish that it had no duty to defend or indemnify Crane. The district court granted summary judgment to Electric. The Gaudets timely appeal, arguing the district court lacked jurisdiction to decide the issue and also erred on the merits in granting summary judgment to Electric.

We review de novo whether subject-matter jurisdiction existed. *Yokeno v. Mafnas*, 973 F.2d 803, 806 (9th Cir. 1992). "We review the district court's findings of fact relevant to its determination of subject matter jurisdiction for clear error." *Id.* We review de novo any questions of state law. *JustMed, Inc. v. Byce*,

*** The Honorable Robert D. Sack, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

600 F.3d 1118, 1125 (9th Cir. 2010).  Reviewing the grant of summary judgment de novo, *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000), we affirm.

1. The Declaratory Judgment Act of 1934, 28 U.S.C. § 2201(a), gives federal district courts jurisdiction only over actual controversies.  *See Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239–40 (1937).  An actual controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  The plaintiff must have had a "real and reasonable apprehension" of potential liability. *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir. 1981).  Here, the Gaudets filed a wrongful death action against Crane in state court and sent a demand letter to Electric offering to settle claims for $300,000, the full amount of coverage under the policy.  Those facts establish an actual controversy sufficient to give the district court subject-matter jurisdiction over Electric's claims.

2. The district court's grant of summary judgment to Electric was appropriate because Crane was not a resident of his grandmother's household after December 6, 2011, under Electric's homeowner's policy.  Arizona identifies the

3

"household" of an insured by "an objective evaluation of the totality of the relationships between or among the individuals, their connection to a shared dwelling where they have developed and maintained those relationships, and the permanency and integration of the individuals into a family unit." *Mendota Ins. Co. v. Gallegos*, 302 P.3d 651, 655 (Ariz. Ct. App. 2013). When considering the attributes characteristic of a household, no reasonable trier of fact looking at the record could find that Crane was a resident of his grandmother's household on January 26, 2012. Rather, Crane had stayed only briefly and temporarily in the home several weeks earlier.

**AFFIRMED**.