**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2785
_____

JOHN LIGHT,
Individually and on behalf of all others similarly situated,
Appellant

v.

THE HONORABLE COLLEEN C. DAVIS, State
Treasurer of the State of Delaware; BRENDA MAYRACK,
Esq., State Escheator and Director, Office of Unclaimed Property
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-22-cv-00611)
District Judge: Honorable Christopher J. Burke
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 4, 2024

Before: JORDAN, HARDIMAN, and PORTER, *Circuit Judges*.

(Filed: September 11, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**HARDIMAN**, *Circuit Judge*.

John Light commenced a class action against Delaware officials, challenging the State's unclaimed property statute under the federal and state constitutions. The District Court dismissed the suit with prejudice on the basis that the claims were not ripe and, alternatively, that Light failed to state a claim. Light's claims are unripe, so we lack Article III jurisdiction. We will therefore vacate and remand with instructions to dismiss the case without prejudice.

I

Under Delaware's Abandoned and Unclaimed Property Law, "property is presumed abandoned if it is unclaimed by the owner" for a particular time period. Del. Code Ann. tit. 12, § 1133. *See also id.* §§ 1134–35. When certain property is presumed abandoned, the statute requires non-owners who "hav[e] possession, custody, or control" of the property to submit annual property reports to the State Escheator. *Id.* §§ 1130(10), 1142(a). If certain statutory conditions are met, the State Escheator is permitted to take custody of the property, *id.* §§ 1140–41, and deposit it into the State's General Fund, *id.* § 1163(a). Any individual can claim abandoned property (or the proceeds from its sale) if there is "evidence sufficient to establish to the reasonable satisfaction of the State Escheator that the claimant is the owner of the property." *Id.* § 1166(a); *see id.* § 1165(a). But the statute prohibits the payment of interest from such property after the date of escheatment. *Id.* § 1154(a).

In 2022, Light filed a putative class action against both the Delaware Treasurer and Escheator, claiming that Delaware's unclaimed property law violates the Takings

Clause of the United States Constitution and its Delaware counterpart. Seeking

declaratory and injunctive relief, Light alleged that the State Escheator "converted [his]

property into cash and . . . used [it] for public purposes."[1] App. 47. Citing the statute's

prohibition of interest payments to the owner on property after it has escheated to the

State, Light also alleged that "*should [he] claim his property*, the State Escheator *will pay*

[him] a cash payment equal to the total sum of the principal amount of the unclaimed

property[,] but *will not* pay any just compensation to [him] for the State's use of that

property during the period of custody." *Id.* (emphases added). Critical to this appeal,

Light has not yet made any property claim. *See id.*

The Delaware officials moved to dismiss Light's complaint pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure for lack of Article III jurisdiction and

pursuant to Rule 12(b)(6) for failure to state a claim. The District Court held that Light

had failed to establish that his claims were ripe. It also concluded that Light had failed to

state a claim under Rule 12(b)(6) and dismissed his complaint with prejudice without

leave to amend. Light timely appealed.[2]

II

"The Constitution limits our jurisdiction to disputes that have ripened fully." *Nat'l*

---

[1] In his complaint, Light describes his property as being "over $50.00 reported by Office Depot." App. 47. Light's counsel later admitted to the District Court during oral argument that he did not know exactly what the property was.

[2] Light invoked the District Court's jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. *See Pa. Fam. Inst., Inc. v. Black*, 489 F.3d 156, 162 (3d Cir. 2007) (holding that dismissals "where the district court

*Shooting Sports Found. v. Att'y Gen. of N.J.*, 80 F.4th 215, 217 (3d Cir. 2023). For a case to be ripe, "[i]t must not 'depend[] on contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* at 219 (quoting *Trump v. New York*, 592 U.S. 125, 131 (2020)). "Ripeness is a separate doctrine from standing, but both doctrines originate from the same Article III requirement of a case or controversy," as "both turn on whether the threat of future harm . . . is sufficiently immediate to constitute a cognizable injury." *Free Speech Coal., Inc. v. Att'y Gen.*, 825 F.3d 149, 167 n.15 (3d Cir. 2016).

In this case, Light argued that his constitutional rights will be violated in the future "*should he claim his property.*" App. 47 (emphasis added). In doing so, Light effectively admits that any harm to him "would only come after multiple contingencies were first satisfied—including that [he] would actually make a claim to the property" and "that he would thereafter submit evidence regarding ownership." *Light v. Davis*, 694 F. Supp. 3d 541, 554–55 (D. Del. 2023). Because at this time he cannot be "genuinely aggrieved," there is no "substantial controversy, between parties having adverse legal interests, 'of sufficient immediacy and reality' to justify judicial resolution." *Peachlum v. City of York*, 333 F.3d 429, 433–34 (3d Cir. 2003) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Light cites *Knick v. Township of Scott* for the proposition that "a property owner has a claim for a violation of the Takings Clause as soon as a government takes his

---

has dismissed based on justiciability and it appears that the plaintiffs could do nothing to cure their complaint" are final).

property for public use without paying for it." 588 U.S. 180, 189 (2019). But that quotation does not carry the day for Light because *Knick* focused on whether the property owner had to seek just compensation from a state court before filing a federal takings claim. *Id.* at 184–85. Light, on the other hand, has not alleged that he will seek to claim the property the State regards as presumably abandoned. Moreover, *Knick* never suggested that a takings claim can be premised on "a hypothetical harm." *Pakdel v. City & County of San Francisco*, 594 U.S 474, 479 (2021). Again, multiple contingencies remain to be satisfied before any claim by Light could be considered ripe.

\* \* \*

Because we conclude, as the District Court did, that Light's claims are not ripe, the District Court lacked Article III jurisdiction to consider whether the complaint failed to state a claim. Accordingly, we will vacate the District Court's order to the extent it dismissed the complaint with prejudice for failure to state a claim and remand with instructions to the District Court to dismiss the case without prejudice. *See Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 164 n.7 (3d Cir. 2017) (generally inappropriate to dismiss with prejudice for lack of Article III standing).